AMORY ET AL. *vs.* BLACK.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

The acceptance of a contract need not be expressed in it, or signed by the
party. It results from his acts in availing himself of its stipulations.

Although parole evidence is not admissible to prove a written contract, yet
it will be received as proof of acts done by the parties in execution of it.

A judgment which assigns no reasons must be reversed; but the Supreme
Court, when the record enables it, will render such judgment as ought
to have been given in the first instance.

The amicable demand is founded upon the presumption, that if made
before suit, the defendant would pay and save costs; and where no
amicable demand has been first made, if upon service of citation, the
defendant complies with the prayer of the petition, the plaintiff must pay
the costs. But it is otherwise if he comes into court to defend the action
and judgment goes against him.

This is an action to recover from the defendant one thou-
sand three hundred and eighty-two dollars and fifty cents,
being the one-half of the net profits of a cargo of flour, sold

on the joint account of plaintiffs and defendant, in pursuance of a written contract between them.

EASTERN DIST.
*April,* 1839.

AMORY ET AL.
*vs.*
BLACK.

The contract is annexed, as follows : "Whereas F. and G. W. Amory, have made a sale and delivered to me seven hundred barrels of flour at four dollars and fifty cents, payable on condition that the said flour should be sold by me on joint account with them : that is to say, they are entitled to one-half of the net profits that may be realized from the sale of this lot of flour, now shipped on board flat boats by Wm. Onyet, at a rate of one dollar per barrel, more or less, etc. I hereby promise to render an account of sales to M. Turner of New-Orleans, and pay over to him one-half of all the profits that may accrue on sales of said flour, over and above the freight and other necessary charges, unless otherwise advised and agreed on with Mr. Turner, for me to pay over the same at Evansville, to F. and G. W. Amory & Co., in case I return there previous to the close of navigation this fall. · P. M'Keever is to go on the boat as supercargo on the part of Amory & Co., and is authorized by them to make a sale of the one hundred barrels of flour, shipped by them on the Convoy, at eight dollars, as expressed in the bill of lading, releasing William Black from his responsibility, as consignee of sales by the way, of said one hundred barrels ; and the said Amory & Co., are to bear half of the losses on said flour shipped on joint account as aforesaid, should any losses be sustained.

"WM. BLACK.

"Witness, C. MORY."

The defendant, after an unsuccessful effort to set aside the order of bail, in this case, filed his answer, pleaded a general denial and want of amicable demand.

On the trial, the written contract and the testimony of McKeever, the supercargo of the flour boats, and Onyet, who commanded them, were produced and offered by the plaintiffs in proof of their demand. This evidence fully supported it, but its introduction was opposed :

1. The written contract was objected to, because it had not been signed by the plaintiffs, or accepted by them.

EASTERN DIST.    2. The testimony of M'Keever and Onyet, was objected
*April*, 1839.    to as inadmissible, because the plaintiffs had sued on a writ-
───────────    ten contract, and could not explain, contradict or enlarge it
AMORY ET AL.    by parole testimony.
*vs.*
BLACK.

The evidence was all admitted, and the defendant's coun-
sel took his bill of exceptions.

The court pronounced the following judgment :

"This cause came on for trial, etc., when, after hearing
testimony and arguments of counsel, the court order and
adjudge, that judgment be entered in favor of the plaintiffs
against the defendant, Wm. Black, for the sum of one thou-
sand three hundred and twenty dollars and costs of suit."

The defendant appealed.

*Lockett* and *Micou*, for the plaintiffs, showed, that by the
provisions of the contract on which suit is brought, the plain-
tiffs sold to the defendant seven hundred barrels of flour at
four dollars and fifty cents per barrel, on condition that the
flour should be sold on joint account, and each to receive one
half of the net profits.    These are shown to be two thousand
six hundred and sixty dollars, and according to contract, the
plaintiffs are entitled to the sum of one thousand three hun-
dred and thirty dollars, for which they pray judgment.

*M'Millen* and *Grivot*, for the appellant, insisted, 1. That
there was no amicable demand, and judgment must be re-
versed. 1 *Louisiana Reports*, 419.    4 *Ibid.* 104.

2. The judgment is null and void for want of reference to
the law, and the reasons on which it was rendered.

3. The contract was improperly received, because it was
incomplete ; never having been signed or accepted by the
plaintiffs, and bears date long after the transaction in flour
between the parties, took place.    It contains only a proposi-
tion to ship and sell the flour on joint account, and the flour
was delivered and paid for by defendant, nearly a month be-
fore this proposition was made.    No suit can be maintained
on such a writing.    See 1 *Martin, N. S.*, 420.    4 *Louisiana
Reports*, 77.

*Rost, J.*, delivered the opinion of the court.

This action is instituted upon a contract, by which the plaintiffs sold to the defendant seven hundred barrels of flour, at four dollars and fifty cents per barrel, on condition that the flour should be taken to New-Orleans by the defendant, and sold by him on joint account; the plaintiffs to receive one half of the profits and to bear one half of the losses. The signature of the defendant to the agreement is admitted, and it is proved that the flour was delivered to him; that he took it to New-Orleans, and that it was sold at a profit of two thousand six hundred and forty dollars, one half of which the plaintiffs claim.

EASTERN DIST.
*April*, 1839.

AMORY ET AL.
*vs.*
BLACK.

The defendant pleaded the general issue, and want of amicable demand. Judgment was given against him in the court below, and he appealed.

The appellant has filed the following points :

1st. That there was no contract, because the document offered as evidence of it was not signed by the plaintiffs, and because the flour had been delivered and paid for, several weeks before its date.

2d. That the evidence of McKeever and Wm. Onyet had been improperly admitted, inasmuch as the plaintiffs sued upon a written contract.

3d. That no amicable demand had been made.

4th. That the judgment of the District Court assigned no reasons.

The acceptance of the plaintiffs need not be expressed ; it results clearly from the fact of their sending Patrick McKeever down with the boats, as supercargo, agreeably to the stipulation of the contract. The flour was already delivered, and they thus performed the only act required from them. The fact that the flour had been delivered, and the money paid by the defendant, before the act upon which the plaintiffs sue was signed, cannot affect its validity; it appears by that instrument itself, that the contract which it evidences had been made at the time of the sale of the flour, and the fact that it was not reduced to writing, for some days after, is immaterial.

The acceptance of a contract need not be expressed in it, or signed by the party. It results from his acts in availing himself of its stipulations.

Eastern Dist.
*April*, 1839.

The amicable demand is founded upon the presumption, that if made before suit, the defendant would pay and save costs; and where no amicable demand has been first made, if upon service of citation, the defendant complies with the prayer of the petition, the plaintiff must pay the costs. But it is otherwise if he comes into court to defend the action and judgment goes against him.

2d. The testimony of M'Keever, and Wm. Onyet, was properly admitted. It does not prove the contract, but only the acts done by the parties in execution of it.

3d. The judgment assigns no reasons, and must, therefore, be reversed.

4th. The amicable demand was not proved, and as the want of it is specially pleaded, we are compelled to notice it. The law requiring an amicable demand before the institution of a suit, can have no other foundation than the presumption that upon that demand the defendant will satisfy the plaintiff's claim, and thereby save costs; and where no amicable demand has been made, if upon service of the citation the defendant complies with the prayer of the petition, the costs incurred must be borne by the plaintiff; but if instead of this, he comes into court to defend the action and judgment is subsequently given against him, the legal presumption which operated in his favor has ceased to exist, and we see no reason why he should recover any costs made after his first appearance.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; and it is further ordered and adjudged, that the plaintiff recover from the defendant the sum of thirteen hundred and twenty dollars, with the costs made in the District Court, after the first appearance of the defendant, inclusively; the remaining costs in the District Court, and the costs of this appeal, to be paid by the plaintiff and appellee.