Allen, West & Bush vs. Whetstone et al.

## No. 1082.

### ALLEN, WEST & BUSH VS. MRS. MARY E. WHETSTONE ET AL.

The fact that a party to the suit requests it, does not deprive the court of the power to order *ex officio* a judicial sequestration without affidavit or bond.

A commercial partnership may hold title, in its firm name, to real estate, when acquired by consent of the parties, who thereby became joint owners thereof.

Registry of act of sale under private signatures is binding as notice to third persons, though without proof of signatures, as directed by Rev. C. C. 2253.

A party to a written contract cannot avail himself of error resulting from failure to read the same before signing, where not induced to do so by the other party thereto.

A cotton factor who, by direction of his customer, invests the latter's funds, is not responsible to him for illegality of the investment.

APPEAL from the Sixth District Court, Parish of Morehouse. *Brigham, J.*

*Ellis & Sugar* for Plaintiffs and Appellees:

1. It is not necessary that the vendee sign the deed. C. C. 1811; 4 An. 162; 23 An. 272.
2. A deed under private signature duly recorded without the affidavit of the subscribing witnesses, gives notice to third persons. Art. C. C. 2253 is merely directory. 9 An. 547; 10 An. 502; 11 An. 531; 25 An. 111.
3. Contracts are binding, though the contracting parties signed the same without reading it. 22 An. 14; 30 An. 1157.
4. One pleading error or fraud must show, by evidence, in what the error consisted or how the fraud was practiced. 11 L. 80; 7 R. 418; 6 N. S. 207.
5. The principal is bound by the acts of the agent. C. C. 3001; 4 L. 66.
6. When the agent exceeds the scope of his authority, it is the duty of the principal to give notice. 11 L. 288; 2 R. 1; 6 R. 284, 684; 12 An. 159; 20 An. 215; 18 An. 546; 29 An. 679; 24 An. 462.
7. An agent's neglect to notify his principal does not affect the latter's obligations to third persons. 4 N. S. 303; C. C. 3021.
8. A principal cannot plead ignorance of the acts of his agent, nor a partner ignorance of the acts of his co-partner, nor of his business managers, when acting within the scope of his authority. 6 R. 97; 3 R. 256; 1 An. 432; 5 An. 532.
9. When a person contributed to his own loss by holding out to the world some one as agent, such person is bound by the acts of such agent. 4 An. 19; 9 R. 346; 6 L. 47.
10. The possession of the lessee is the lessor's possession. C. C. 3433; 6 R. 189; 16 L. 29.
11. What has been given or paid on a moral obligation arising from an aleatory contract, cannot be recovered. When such contracts are executed, neither party can plead their turpitude to rescind them. C. C. 2984; 1 An. 176.

    The purchase of cotton for future delivery is not an illegal contract, and the requiring of margins is in the nature of a penal obligation and does not vitiate the contract. C. C. 2117, 2122, 2125, 2485, 2186; Pothier, pp. 59, 60; 28 An. 731, *et seq.*, Aroni.
12. In a contest between a vendor and vendee as to ownership of property which had been sold with right of redemption, the plea by the vendor that in a subsequent settlement he had paid the vendee all that was due him, and extinguished whatever right or claim the vendee had on the property, is virtually a plea of payment. H. D. p. 1141, No. 1 and authorities cited; Louque p. 535, Nos. 1 and 2 and authorities there cited.
13. In an action of slander of title, defendant by setting up title in himself shifts the burden of proof and must stand on the strength of his own title, and not on the weakness of his adversary's. 33 An. 249.

*Todd & Todd* on the same side:

In a suit for slander of title, if defendant sets up title in himself, the action is changed into a petitory one, in which the defendant stands as plaintiff. 33 An. 249, Edward J. Gay vs. Thos. H. Ellis.

The written acceptance of the vendee, in a sale of real estate, is not essential to perfect his title. 23 An. 272.

The recordation of a deed under private signature is good against third persons without the affidavit of the subscribing witnesses or either of them. 11 An. 533; 21 An. 241; 25 An. 111, and authorities therein.

*Qui facit per alium facit per se.* The acts of the agent cannot be disputed by the principal, and if ratified, when authority is exceeded, the principal is bound. C. C. 2985-94-95; 6 L. 589; 19 An. 370; 18 An. 546; 20 An. 215; 27 An. 76; 29 An. 679.

A principal who contributes to his own loss, by holding out to the world a careless and irresponsible person as agent, cannot recover such loss against innocent persons dealing with such agent. 4 An. 19; 6 L. 47; 9 R. 346.

One pleading error and fraud must show that it is superinduced by the other contracting party. 22 An. 14; C. C. 1818-19-20; 30 An. 1157.

If the agent deceives his principal, and exceeds the scope of his authority, it is the duty of the principal, as soon as he discovers this, to notify the other party. 6 R. 684; 11 L. 288; 12 An. 159; 22 An. 496; 24 An. 462.

One cannot be heard in a suit to recover what has been paid on an illegal or immoral contract. O. C. C. 2953.

A contract for the purchase or sale of cotton, on future delivery, is not illegal or immoral. 28 An. 731, Decision of U. S. Supreme Court in the case of Smith & Lightnor vs. John H. Roundtree, decided April 16, 1883. See also Aroni on Cotton Futures, pp. 11, 18, 34.

The plea of payment waives the general issue, and the party pleading it is confined to this issue in his defence.

*Newton & Hall* for Defendants and Appellants:

A judicial sequestration sued out at the request of a party to the suit must be preceded by affidavit and bond. C. P. 273-5-6; 16 An. 335.

A commercial partnership cannot own immovable property. C. C. 2825; 23 An. 419; Louque's Dig. p. 511.

Consent is essential to every contract. C. C. 1797, 1819.

Error of fact will avoid a contract. C. C. 1819, 1821.

Contract, without a consideration, can have no effect. C. C. 1893, 1896.

A commercial partnership cannot exist between husband and wife. 19 An. 249; 2 La. 269, 270.

The record of an act under private signature can have no effect against a *bona fide* purchaser, unless previous to its recordation it is acknowledged by the party or proved by the oath of one of the subscribing witnesses, and the certificate of such acknowledgment by the Recorder, etc. C. C. 2252; 28 An. 726; 33 An. 1250.

A party cannot sue for ownership of property, and in same suit claim damages for slander of title of said property. 12 An. 873.

A contract for purchase and sale of cotton futures is aleatory in its nature and cannot be enforced. C. C. 2982.

The opinion of the Court was delivered by

FENNER, J. A careful consideration of the evidence leads us to the following conclusions as to the facts:

Mrs. Mary E. Whetstone recovered a judgment of separation of

property against her husband in 1875. Immediately thereafter she executed in favor of her husband, Robert Whetstone, a power of attorney, general, special, of the broadest character, embracing powers to receive her moneys and property, to collect and compromise claims, to buy, sell, transfer and assign any and all property belonging to her, to make all contracts pertaining to any and all matters in which she may be interested, to sign for her notes, drafts and all other instruments of writings, etc. It is difficult to conceive of any power possessed by Mrs. Whetstone which might not have been executed in her behalf by her husband.

Mrs. Whetstone then established herself in business as a public merchant, which business was managed by her husband, under the power referred to, and was conducted in the name of Robert Whetstone, agent, or later in the name of Whetstone & Co.

The business was not prosperous, and by the year 1881 had become embarrassed and insolvent. As a desperate expedient, Whetstone applied to Allen, West & Bush, the cotton factors and heavy creditors of Whetstone & Co., to buy for that concern some cotton futures. Plaintiffs replied, refusing to do so, unless secured for necessary margins. Whetstone responded, that if plaintiffs would execute his order, he would sell to them certain storehouses belonging to his wife, title to be held as security against loss. Plaintiffs accepted the proposition, and made the investment for Whetstone & Co. Thereupon, Mrs. Whetstone, aided and authorized by her husband, executed an act of sale of the storehouses to plaintiffs, for the expressed consideration of "$2,500 cash, invested by Allen, West & Bush for the use and benefit of said Mrs. M. E. Whetstone," and upon the condition that if she should pay back the $2,500 by the 1st day of June following, the sale would be null and void, otherwise to remain in full force and effect.

The firm of Whetstone & Co. was succeeded by Whetstone & Ellis, consisting of Mrs. Whetstone and Dr. Ellis; subsequently Dr. Ellis purchased the interest of Mrs. Whetstone, and the firm of Larkin & Ellis was formed, which, on February 3d, 1882, entered into a written agreement with plaintiffs to occupy the houses as their tenants for the remainder of the year, upon the consideration of acting as plaintiffs' agents in settling up their business on Oakridge.

On January 25th, 1882, the deed to plaintiffs was recorded.

After that time, Mrs. Whetstone and her husband conceived the idea of repudiating the transaction with plaintiffs, and to that end, they began to set up pretensions to the continued possession of the storehouses, and obtained from the tenants acknowledgment in writing of their holding under Mrs. Whetstone, directly in the teeth of their

Allen, West & Bush vs. Whetstone et al.

prior contract with plaintiffs. Mrs. Whetstone then executed a deed of sale of the property to her mother, Mrs. E. G. Larkin, who continued thereafter to claim possession and ownership of the property, and procured similar acknowledgments of her possession from the tenants, and even entered into a conditional contract of lease with them for the year 1883.

On learning these facts, plaintiffs instituted the present action of slander of title against Mrs. Whetstone and Mrs. Larkin, the object of which is to quiet their title to, and possession of, the property.

Upon the suggestion of the collusive proceedings between their tenants and the defendants, threatening divestiture of their possession, the Judge granted an order of judicial sequestration of the property *pendente lite*.

The defendants allege substantially the nullity of plaintiffs' title to the property, and the validity of Mrs. Larkin's title, which latter they pray may be recognized, and that she be decreed the owner of the property.

We shall consider the various questions presented in the following order:

1. It is claimed that the judicial sequestration, without affidavit or bond, was wrongful, because issued "at the request of the parties." The fact that parties suggested or requested it did not deprive the court of the power to order the sequestration *ex-officio*, under C. P. 273, without affidavit or bond.

2. Exception is taken to the capacity of Allen, West & Bush to stand in judgment, because it is a commercial firm and incapable, as such, of owning real estate. The exception is frivolous. The restrictions as to the dealing in immovable property by commercial partnerships are limitations upon the powers and rights of partners in reference thereto. A commercial partner has no authority to bind his copartners without their consent, by purchases or sales of immovables in the name of the firm. But such transactions are perfectly valid when made with the consent of or approved by the co-partners, who, under such circumstances, become joint owners. In the present suit not only the firm, but all the members thereof are parties, and their right to stand in judgment does not admit of question.

3. It is urged that plaintiffs' title is without effect as against Mrs. Larkin, because being a sale by private act it was not acknowledged or proved prior to recordation, in accordance with Article 2253, Rev. Civil Code.

107

It was not supposed that this question would again be agitated, after the exhaustive consideration and disposition given to it in Stall-cup vs. Pyron, 33 An. 1249.

4. Nullity of the deed to plaintiffs is urged, because it was not accepted in writing by the latter.

It is well settled that written acceptance is not necessary, but may be established by acts clearly indicating acceptance. Balch vs. Young, 23 An. 272; Amory vs. Black, 13 La. 264; Ryder vs. Frost, 3 An. 523. Such acts are abundantly established in this case.

5. There is not the slightest foundation for the defense of error and fraud set up by Mrs. Whetstone. It is not pretended that plaintiffs practised any fraud or did anything to lead her into error. The deed was prepared by her husband, and presented to her for signature by him. If she failed to read it, it was her own fault, and plaintiffs cannot be affected by any error resulting from her own gross negligence. Watson vs. Bank, 22 An. 14; Keough vs. Foreman, 33 An. 1439.

6. The pretense that the advance of $2,500 made by plaintiffs as the consideration of the deed, was made for account of Robert Whetstone individually and not of his wife, is abundantly refuted by his letters, by the acts of the parties and by the recital in the deed itself.

7. The defense of illegality of consideration is without foundation. The consideration was $2,500 in money. That money was invested in cotton futures by her direction through her agent. Plaintiffs did not sell her the futures. They are not dealers in futures. They simply acted as her agent in investing her money as she directed them. Moreover, there is not in the record a word of evidence showing the nature of these future transactions, which, for aught that appears, may have been perfectly legitimate purchases of cotton to be actually delivered and paid for in the future.

8. The release given by plaintiffs to Mrs. Whetstone, "from all obligations that may have arisen on account of the firms of Whetstone & Co. and Whetstone & Ellis," manifestly has nothing to do with this case. There were no obligations remaining on Mrs. Whetstone touching this transaction.

The property had been transferred. The price had been paid. Nothing remained except the *right* of Mrs. Whetstone to redeem by paying back the price before June 1st.

Defendants' claims are without the semblance of equity from any point of view. It is undeniable that plaintiffs have parted with $2,500 as the consideration of this deed, according to the direction of Mrs. Whetstone and for her exclusive benefit.

She seeks to escape from her obligation, not only without tendering, but without even expressing her willingness to refund this consideration. We find, however, no support for plaintiffs' claim for damages, and reject their prayer for amendment in that respect.

Judgment affirmed at cost of appellants.