I concur in the opinion in so far as it sustains the exception of no cause or right of action and dismissing plaintiff's suit as to defendant Barber Bros. Construction Company.
I dissent as to the remand of the case as to the other defendant.
Plaintiff was authorized to bring a suit against the Louisiana Highway Commission by virtue of Act No. 362 of 1940, which authorization was based "upon his claim for damages resulting from the alleged trespass on and damage to lands and property as a result of the alleged negligence of persons employed by the Louisiana Highway Commission, in the construction of the Rosepine-Chasmore Highway, Project No. 1271, in Vernon Parish." I interpret this act to mean that plaintiff's cause of action was to be bottomed upon trespass committed by any employee of the Louisiana Highway Commission upon plaintiff's lands in the construction of the proposed highway.
In the reading of his petition, I do not find any allegations to the effect that any *Page 240 
of the employees of the Highway Commission committed any trespass upon his property nor are there any allegations that the employees were in any way negligent in the construction of the highway.
Plaintiff, in this action, seeks to recover the amount of damages for the recovery of pecan trees to the amount of $175, the loss of land which was included in the right of way deed, $600, and the deterioration to his place by deep ditches, and general inconveniences, $500.
Plaintiff has attached to his petition the right of way deed and the map which show the right of way and the property deeded to the Louisiana Highway Commission. On the map there does not appear any trees for which the plaintiff would be entitled to recover. In the deed the plaintiff has abandoned all claims for damages on account of the exercise of the privilege therein granted.
By these, he is now precluded to recover unless the objection to the parol testimony be not well founded. It is my opinion that the objection to the testimony was properly sustained and the evidence excluded. His allegation that the deed was obtained "by false promises, and without disclosing the purposes, and objectives to be obtained", without further specifications, is too general to warrant the introduction of parol evidence to contradict the written deed of right of way.
In his oral testimony, he admits that he signed the deed without reading the same. As stated in the case of Snell et al. v. Union Sawmill Company et al., 159 La. 604, 105 So. 728, 730, "If a party can read, it behooves him to examine an instrument before signing it; and if he cannot read, it behooves him to have the instrument read to him and listen attentively whilst this is being done"; further, the failure of the party to read a written contract is such negligence as to preclude recovery. Allen, West Bush v. Whetstone, 35 La.Ann. 846; Murphy v. Hussey,117 La. 390, 41 So. 692.
The mere inspection of the right of way deed, together with the proposed map, would have disclosed if any pecan trees were included in the right of way, and also his declaration that he was waiving and abandoning "all claims for damages on account of the exercise of the privileges" therein granted.
Since the defendant highway commission has not answered the appeal, the judgment, in my opinion, should be affirmed as to it. *Page 295