## THE STATE v. G. B. HOPSON.

The order of the court to admit the prisoner to bail, should so be entered of record as to leave no reasonable doubt of its meaning. Therefore, the sureties on the bond of one admitted to bail, on an order which did not designate for whom, or for whose cause it was intended, will not be bound.

APPEAL from the District Court of Morehouse, *Richardson*, J.
    *Caldwell*, District Attorney, for plaintiff.   *McGuire & Ray*, for defendant and appellant.

SPOFFORD, J.   The grand jury for the parish of Morehouse presented a bill of indictment for perjury against *Green B. Hopson*.

He entered into a bond with several sureties in the sum of $2,000, for his

appearance to answer the charge. The bond appears to have been taken by the Deputy Sheriff.

This bond was forfeited, and the sureties have appealed from the judgment against them.

The sole ground upon which they rely is, that there was no order of court authorizing *Green B. Hopson* to be admitted to bail.

The only order relied upon by the State, is in the following words:

"Ordered by the court, that in the following State cases the amount of recognizance or bonds be fixed as follows, and that the Sheriff or his lawful deputy, take their recognizance or bonds, and approve the securities: Perjury two thousand dollars ($2,000)."

This is not an order to admit *Green B. Hopson* to bail.

Nor does it follow by necessary intendment from the record, that *Hopson's* case was the one alluded to in the order.

In these grave matters, requiring the highest judicial discretion to be exercised in each individual case, the record alone is allowed to speak. It cannot be eked out by evidence *aliunde*, or by conjecture.

In the *State* v. *Longineau*, 6 An. 700, the court actually made an order that the prisoner be admitted to bail in a fixed sum.

The Clerk, through inadvertance, did not enter the order on his minutes.

The sureties opposed the forfeiture of *Longineau's* bond, taken in pursuance of this order, on the ground that there was no order. The State offered to prove by the Clerk, the facts as they were, contradictorily with the sureties.

But the Supreme Court said, that parol evidence could not supply the deficiency in the record, and that the bond was taken without authority and was not binding on the sureties.

The Judge should take into consideration each case by itself, in determining the matter of bail; and his order thereupon should so be entered of record, as to leave no reasonable doubt of its meaning.

The judgment is reversed as to the sureties of *Green B. Hopson*, and judgment rendered in their favor.