State ex rel. Taylor v. Judge of the Superior District Court.

## No. 4910.

STATE ex rel. R. TAYLOR *v.* JUDGE OF THE SUPERIOR DISTRICT COURT.

It has been so often decided that a defendant may release on bond the sequestration of his property that it can no longer be considered an open question.

The right to appeal from the order refusing this right is equally well settled.

It is not true that the right to release on bond applies only to cases falling under article 275 C. P., and that a sequestration ordered *ex officio* by the court under article 274 can not be thus released.

Article 279 C. P. means what it says. Its terms are general. Except in cases of failure, any sequestration may be released on bond. Were the meaning of article 279 doubtful, a liberal construction would be given to it, because the article is remedial in its character.

APPLICATION for a mandamus against the judge of the Superior District Court, parish of Orleans.   *W. H. Hunt*, for relator.

WYLY, J.   The State sued to annul the lease or contract by virtue of which the relator controls and administers the New Canal and shell road extending from the city to the lake.

While this suit was pending for trial in the Superior District Court, the judge, on the suggestion of the Attorney General, made an *ex parte* order directing the sequestration of the "shell road, the canal, basin, dredge boats, toll gates, horses, mules and all other property connected with, used in its operation or in any wise appertaining thereto." Under this order all the property was seized by the sheriff.

The relator then moved to set aside the sequestration on giving bond for the value of the property sequestered.   Being refused this right, he sought in this court the mandamus upon which the case is now presented for examination.

It has been so often decided that a defendant may release on bond the sequestration of his property, that we consider it no longer an open question.

The right to appeal from the order refusing this right is equally well settled.

"The possession and use of the property of the defendant may be necessary to the maintenance of his credit; to the performance of his obligations to others; nay, to the very existence of himself and family. A judgment rendered in his favor after years of litigation, restoring him to his property, would come too late to afford a remedy.   The injury might be irreparable."   5 N. S. 42.

The respondent, however, contends that the right to release on bond applies only to cases falling under article 275 C. P., and that a sequestration ordered *ex officio* by the court under article 274 can not be thus released.

"A defendant against whom a mandate of sequestration has been obtained, except in cases of failure, may have the same set aside by executing his obligation in favor of the sheriff, with one good and

solvent surety, for whatever amount the judge may determine, as being equal to the value of the property to be left in his possession." C. P. 279.

We think this article means what it says. Its terms are general. Except in cases of failure, any sequestration may be released on bond. Had the law giver intended the relief granted by article 279 to apply only to sequestrations issued under article 275, a limitation to that effect would have been expressed in the article. If its meaning were doubtful, a liberal construction would be given, because the article is remedial in its character.

It is therefore ordered that the mandamus herein be made peremptory.