No. 1226.

THE STATE EX REL. FRANK M. CONDON VS. C. C. DUSON, SHERIFF.

A party in actual custody under a charge of manslaughter, a bailable offense, is entitled to proceed by writ of *habeas corpus* before the Supreme Court or any of its judges for the purpose of being admitted to bail, provided he show that the judge of the district court of the parish in which he is held is absent from the State.

APPLICATION for *Habeas Corpus*.

*H. L. Garland* and *Perrodin & DuRoy* for the Relator.

*John N. Ogden*, District Attorney, for the Respondent.

The opinion of the Court was delivered by

POCHÉ, J. The relator, who is in the custody of the sheriff, has applied for a writ of *habeas corpus*, for the purpose of being admitted to bail.

He shows that the charge under which he is held, that of manslaughter, is a bailable offense, and that the judge of the District Court of the Parish of St. Landry, the only court of competent criminal jurisdiction, is now absent from the State. Hence, he alleges that his only remedy for the enforcement of his constitutional right of bail is by means of an application to the judges of this Court.

Resisting the application, the district attorney contends that the proceeding is really and in truth a simple application for bail, and that this Court has no legal authority to entertain the same.

The punishment provided for the offense charged against relator places his case within the appellate jurisdiction of this Court. Article 89 of the Constitution vests the power in this Court and in each of its judges to issue writs of *habeas corpus* in cases in which it may have appellate jurisdiction. Article 792 of the Code of Practice confers the same power to district judges within the limits of their respective jurisdiction. Article 793 of the same Code provides that in case of the ab-

sence of the district judge the writ may be issued by the judge of competent jurisdiction in one of the adjoining districts.

It is plain, by a comparison of these articles and of the constitutional mandate, that touching such a case this Court or any of its judges would have at least the same power and authority as any judge of an adjoining district.

Undoubtedly, in ordinary circumstances such applications should originate in the court of competent original jurisdiction, but the rule must yield in the face of an unavoidable exception. In this case, the absence of the district judge creates an absolute impossibility to present the application to him. Our refusal to grant him relief when this Court is holding a term in the parish where the case is pending, would leave a party in actual custody under a charge or offense which is bailable in its nature and which is within our appellate jurisdiction. The great and primary object of the writ of *habeas corpus* is to afford judicial relief to parties who are illegally deprived of their liberty. The peculiar and exceptional circumstances of this case place the relator in that precise condition. Our duty is to come to his relief, and we have ample authority to give the necessary orders.

In the case of Longworth, 7 Ann. 247, this Court held that "a judge or court authorized to issue a writ of *habeas corpus* cannot refuse bail, by sufficient securities, except for capital offenses." It is the constitutional right of the prisoner to demand it, and it is not in the discretion of the judge to deny it.

The same doctrine was announced in the case of the State vs. Roger, 7 Ann. 382. See, also, Governor vs. Fay, 8 Ann. 490.

It is to be understood that nothing in this opinion must be construed as forestalling the subsequent action of any competent authority to find or prefer a charge of greater gravity against this relator. Our action is based exclusively on the nature of the sole charge now pending against him and under which he is entitled to bail.

It is therefore ordered that the sheriff do release the prisoner on a bond with good and solvent securities, in the sum of five thousand dollars, conditioned for his appearance before the competent authority to answer to the charge preferred against him.