BREAUX, C. J.
An affidavit was filed, against the relator, John A. McColley, charging him with having shot Lucius Morning-star on the 8th of February, 1905.
Morningstar, after he had been shot, left the parish of St. Mary, and went to the city of New Orleans, where he died in the Charity Hospital about the 25th day of February, 1905. On the 10th of February, 1905, there-was filed before the justice of the peace an. affidavit charging the defendant with shooting with intent to kill and murder.
The result of an investigation by the grand jury was that they found a true bill against the defendant for shooting with intent to kill, which was returned into court on the 22d day of June, 1905.
Defendant was arrested. He applied for his release on bond, which was granted. The amount of the release bond was $400.
A few days afterward he was arraigned, and pleaded not guilty. He prayed for trial by jury. His case was fixed to be tried on! the 5th day of July, 1905. By agreement between counsel for the defendant and the district attorney, the case was continued from, day to day until further orders.
On June 30,1905, after adjournment of the grand jury by which he had been indicted as before mentioned, another affidavit was filed, upon information received, charging-defendant with having murdered Morning-star on the 24th day of February, 1905, the-same person whom he was originally charged with having shot with intent to murder. It is alleged that the two charges grew out of the same transaction. Under this affidavit, defendant, McColley, was arrested and in *216 careerated. He asks for a writ of habeas corpus to the end that inquiry may be made into the validity of the proceedings.
Going to the origin, as relates to jurisdiction, we find that the committing magistrate has only the power of commitment in this case.
As to whether the proceedings had reached such a point in the district court as to preclude him from issuing an order of commitment is a question which, in the present situation, comes up properly before the district court, and cannot very well be brought up before the Supreme Court on application for habeas corpus at this particular time. In other words, we think the application is premature. The defendant is entitled to a hearing. This, as yet, has not been denied to him. He has applied for an immediate release without inquiry in other proceedings.
The district court or the judge of that court has not been called upon to examine into the cause which led affiant to make the second affidavit before the justice of the peace. The affidavit, it will be borne in mind, was filed only quite recently.
These first steps primarily fall within the jurisdiction of the district court having jurisdiction. In an exceptional case — absence of the judge, for instance — the application may be directed to the Supreme Court. Here, at this particular time, the exceptional case does not present itself. The judge of the district court is present in the district, and, besides, the defendant does not appear to have exhausted the remedy at hand, so as to enable him to sustain his application before the appellate court. It is not averred that the district judge declines to grant a preliminary examination to the accused in order that defendant may obtain his release unconditionally or under bond. In the preliminary examination the facts relating to the prosecution may be shown, and whether there are grounds for an affidavit such as is alleged to have been made. At any rate, all needful facts may be proven to enable the court to páss upon the questions involved.
This court in the syllabus stated in one of the decisions that it must be shown that the district judge is absent in order to entitle the defendant to relief before this court. State ex rel. Condon v. Duson, 36 La. Ann. 855.
For it follows that where there are proceedings pending against an accused in the district court it is to that court that application should be made, when it is manifest that that court is vested with power in the premises. In the case just cited the court directed attention to Code Prac. art. 793, which provides that in the absence of the district judge the writ may issue. In another decision of a recent date the court held, as expressed in the syllabus, that jurisdiction will not be entertained where a hearing may be had before a competent lower court. State ex rel. Baumann v. Sheriff, 44 La. Ann. 1014, 11 South. 541.
The importance of adhering to those decisions becomes evident where there is need of an examination in order that all the facts susceptible of proof may be shown. No reason is shown why the prisoner may not fully present the question to the district court. It is certainly the practice to put the prisoner to his remedy before the district court.
We reiterate, in other words, that, as before expressed, the action of the affiant was an independent action charging defendant with murder.
In order that the court may knowingly and intelligently act, it must be made to appear under what circumstances and how it is that the grand jury has not acted upon the charge in the last affidavit. This fact needs explanation to the extent that explanation may be made. In any event, these questions should be considered and passed upon by the judge of original jurisdiction. He is aware of the nature, character, and extent *217 of the proceedings to the extent that they may be known, and for that reason he is primarily, as we think, vested with jurisdiction, as before stated.
Application for the writ should be made in each case to the court or judge nearest, to the applicant, unless a good excuse exists why the application cannot be so made. Clark, Criminal Procedure, p. 556.
“Where a state court has jurisdiction^ of a case, no other court of the state of inferior or concurrent jurisdiction should interfere by habeas corpus.” Encyclopaedia of Pleading and Practice, vol. 9, p. 1010.
This should be the rule more particularly when part of the case is already before the district court, and for some reason perhaps another part of the case has arisen before an inferior tribunal.
Here, as in case of indictment, “the same rule applies to a person held by warrant of commitment from an examining court for a capital offense.” State v. Thos. Jones (N. C.) 18 S. E. 249, 22 L. R. A. 678.
For reasons assigned it is ordered, adjudged, and decreed that the applicant’s demand be denied, his petition dismissed, the writ for which he prays being refused without prejudice.