Statement of the Case.
OVERTON, J.
Relator is the proprietor of a public dance hall at Milneburg, in the city of New Orleans. The city council passed an ordinance, Commission Council Series No. *641 6355, declaring public dance halls at that point a nuisance, and prohibiting the conducting of one in that part of the city. Defendant, considering this ordinance an invasion of his property rights, and alleging it to be in violation of the federal and state Constitutions, applied to the civil district court for a writ of injunction. A rule nisi was issued by one of the judges of that court, and also a temporary restraining order, as follows, to wit:
“Let the city of New Orleans, Hon. Andrew McShane, mayor of the city of New Orleans, Hon. Stanley Wray, commissioner, and 1-Ion. ■Guy Maloney, chief of police of the city of New Orleans, show cause, if any they have, on the 17th day of August, 1921, at 10:30 a. m., why the writs of injunction should not issue in accordance with law, and in the meantime let the city of New Orleans, 1-Ion. Andrew McShane, mayor of the city of New Orleans, 1-Ion. Stanley Wray, commissioner, and Hon. Guy Maloney, chief of police of the city of New Orleans, or any of their agents or employees, be restrained from in any way interfering or molesting the plaintiff herein in conducting or operating a public dance hall at Milneburg, in this.city.”
The rule nisi came up for trial before the .judge of division D of the civil district court, and upon motion of defendants, suggesting that the temporary restraining order was unauthorized by the laws of the state of Louisiana, and contrary to' law, the judge below annulled and recalled the same.
After the signing of the order recalling the temporary restraining order, the defendants filed an exception of no cause of action, directed against the petition, praying for the preliminary injunction. The judge a quo maintained this exception, and dismissed the application for the injunction. Relator then filed a petition, praying for a suspensive appeal. This appeal, he alleges, was refused by the trial judge. The trial judge, by -way of answer to this allegation, avers that he was willing to grant an appeal from the judgment maintaining the exception of no cause of action, but that relator desired a- suspensive appeal from the. order above quoted, recalling and annulling the restraining order, and that it was this petition of appeal which was denied.
Opinion.
[1] Unless the applicant for a writ of injunction, such as a parish or municipal corporation, is exempt by law from furnishing an injunction bond, or unless the application comes within the purview of article 739 of the Code of Practice relative to enjoining executory process in certain instances, the writ of injunction issues only upon the furnishing of bond. The application in this case does not come within one of those ’ exceptions. The practice of issuing restraining orders, and without bond, pending the determination of the question whether the court will grant the preliminary injunction prayed for, is.not authorized by the laws of Louisiana, and is probably borrowed, without the authority of law, from the equity system prevailing in our sister states. If, therefore, we should issue the writ of mandamus prayed for, we will make effective, pending the appeal, an order, which, upon its face, has no existence in law, and which was improvidently issued, and properly recalled as beyond the power of the court to grant.
[2] When an order is beyond the power of a court to' issue, and where the effect of it is to restrain another from doing a certain thing without complying with the terms and conditions fixed by law therefor, and the order is afterwards recalled, a mandamus-ought not to issue to compel the granting of a suspensive appeal from the order recalling and annulling such illegal order, when the lack of power to issue the illegal order appears upon its face.
Relator cites in support of his position, the case of State ex rel. Behan v. Judge Sixth District Court, 32 La. Ann. 1276. That was a case in which a writ of prohibition issued *643 from this court to protect a suspensive appeal from such a restraining order, and from the judgment of the court refusing to grant the preliminary writ. While the court declined to express itself on the validity of the restraining order until it passed upon it under the appeal, yet it did hold that the order dissolving and annulling such an order could be appealed from suspensively. To that extent we are of the opinion that the cas.e should be overruled.
For the reasons assigned, it is ordered, adjudged, and decreed that the rule nisi that issued herein be recalled, at the cost of relator.
O’NIELL, X, dissents.