HIGGINS, Justice.
 

 Relator is charged with conspiring, aiding, and abetting, in the placing near and against a certain building in the city of
 
 *389
 
 New Orleans a dynamite bomb with the intent to destroy and injure the property and business of another, and also charged with possessing a bomb containing explosive and combustible substance, dynamite, and nitroglycerin, with intent to use the same unlawfully against the person and property of another, in violation of sections 5 and 7, respectively, of Act No. 199 of 1932. He was arrested and confined to prison; bail was fixed at $20,000 on each charge and relator made an application to the district judge to have a reduction thereof, but the district judge declined to reduce the amount. Relator then applied to this court for a writ of habeas corpus and an order was granted by us on October 3, 1935, fixing a rule nisi returnable on October 8, 1935, to show cause why the amount of the bail should not be reduced.
 

 The district judge in his return states that the application for the writ here is premature, citing State v. McColley, 115 La. 403, 405, 39 So. 81; and, in the alternative, that the amount of the bail fixed is reasonable, under the circumstances in the case.
 

 We do not consider the case of State v. McColley, supra, in point, because there the accused failed to make application to the district court to fix bail and applied directly to the Supreme Court for a writ of habeas corpus. In the instant case the accused did apply to the district judge for bail and for the reduction of the amount fixed. It is our opinion that the application is not premature.
 

 It is conceded that the offenses with which the defendant is charged are bailable. The statute fixes the penalty for the offense first charged at not more than 5 years imprisonment in the state prison, and the second charged offense carries a penalty of not more than five years imprisonment in the state prison.
 

 The record shows that defendant has been a resident of the city of New Orleans for a number of years, that he is an attorney at law, in good standing, and it does not appear that he has heretofore been charged with any offense. Since his incarceration on October 2d, he has been unable to furnish bail in the sum of $40,000, covering the two charges. In his application he states that he is able to furnish bail in the sum of $5,000, or $2,500 for each charge.
 

 After carefully considering the record and the jurisprudence, we are unable to agree with our learned brother below that the amount of bail fixed is reasonable and conclude that it is excessive. State v. Hopson, 10 La. Ann. 550; State ex rel. v. Allen, 110 La. 853, 34 So. 804; State v. Mistich, 182 La. 43, 161 So. 14; State v. Alvarez, 182 La. 50, 161 So. 17.
 

 It is our opinion that bail in the sum of $5,000 covering the charge under section 5 of Act No. 199 of 1932 would be reasonable and the sum of $2,500 for bail covering the offense charged under section 7 of the act would be adequate; and that the defendant is entitled to be liberated upon furnishing proper bail bonds conditioned according to law, with solvent sureties, in the sums above named.
 

 For the reasons assigned, the rule nisi herein issued is made absolute, the relator’s
 
 *391
 
 application to have the amount of bail reduced is granted to the extent of permitting him to obtain’ his liberty after he shall have furnished a bond in the sum of $5,000 covering the charge under section 5 of Act No. 199 of 1932, and a bond in the sum of $2,-500 covering the charge under section 7 of Act No. 199 of 1932; said bail bonds to be conditioned according to law, with good and solvent sureties.