PONDER, Justice.
 

 This is a rule to show cause why a mandamus should not issue to dissolve a writ of sequestration and set aside a temporary restraining order. The matter is submitted for our determination.
 

 The facts are as follows: The plaintiff,. Bogalusa Ice Company, instituted a suit against the defendants, Richard Moffett and Ollie C. Moffett, claiming the ownership of a truck and certain appurtenances, thereto. The plaintiff alleged that the defendants had previously been engaged in the sale-of ice on commission, using the truck, etc., for the purpose of delivering the plaintiff’s, ice to its various customers; that the defendants had fallen behind in their accounts ; that the defendants were using' plaintiff’s truck in delivering ice for another concern; that the defendants were- selling to the plaintiff’s customers, ice from a rival concern as though it were the ice from the plaintiff’s concern; that by the defendants’ words and acts they were deluding the customers into believing that they were purchasing ice from the plaintiff in the usual manner; that plaintiff made legal demand on the defendants to return the truck, which the defendants refused to do; that it is. within the power of the defendants to dis
 
 *601
 
 pose of, part with, to destroy or to conceal the property of the plaintiff; that the plaintiff fears that the defendants will dispose of the truck; that a writ of judicial sequestration should issue without bond commanding the sheriff to sequester the property until the final termination of this suit; that an injunction issue; and that they are entitled to a temporary restraining order. The plaintiff prayed for the writ of judicial sequestration, for a temporary restraining order restraining and enjoining the defendants from (1) using the property of your petitioner, trucks, etc., to deliver ice, (2) using any truck similar in color to that of plaintiff’s for the purpose of delivering ice, (3) selling or attempting to sell ice to any of plaintiff’s customers upon the route built up by the plaintiff until such time as the defendants shall adequately advertise and notify the customers of the plaintiff that defendants are no longer connected with the plaintiff; and that a rule nisi issue, at a date to be fixed by the court, to show cause why a preliminary injunction should not issue restraining the defendants from using the truck or a truck of similar coloration or selling or attempting to sell to plaintiff’s customers, ice as set out above in the prayer for a temporary restraining order and restraining them from trading on or taking advantage of the relations heretofore existing between the plaintiff and defendants. The plaintiff further prayed that temporary injunction be made permanent upon trial of the case.
 

 The district judge signed an order for the issuance of the judicial sequestration and the temporary restraining order as prayed for without bond. The court issued a rule on defendants to show cause on September 1,
 
 1937,
 
 why an injunction should not issue as prayed for. The defendants on August 28th filed a motion td dissolve the temporary restraining order and the judicial sequestration, which was tried and overruled on September 1st. We find from the minutes of the court that on that date the defendants filed motion for a subpoena duces tecum which was granted by the court and the rule was continued to September 3, 1937; notice was given on September 1, 1937, to the district court that the defendants intended to apply to the Supreme Court for the writs of certiorari, prohibition, and mandamus and stated that any further proceeding with the case would be over their protest. Application was made to this court for the writs of certiorari, prohibition, and' mandamus and a rule issued herein.
 

 Prior to the submission of the rule to this court, the plaintiff, respondent, the Bogalusa Ice Company, filed exceptions in this court to the effect that the Bogalusa Ice Company was not legally ordered, nor cited, nor commanded to answer the rule herein issued by this court for the reason that the individual members who compose the partnership of the Bogalusa Ice Company were cited individually, and the plaintiff, respondent, further excepted on the grounds that defendants’ remedy was by devolutive appeal and not by the writs of certiorari, prohibition, and mandamus. The rule was duly submitted to this court.
 

 We see no merit in respondent’s contention that the rule should have been served upon the Bogalusa Ice Company instead of the individuals composing the
 
 *603
 
 Bogalusa Ice Company. The Bogalusa Ice Company was the original plaintiff in this suit and alleged in its petition the names of the individuals that composed the Boga-lusa Ice Company. The minutes of the court show that the counsel for the Boga-lusa Ice Company was present in the lower court when notice was given of the intention of the defendants to apply to this court for the writs.
 

 The exception of the Bogalusa Ice Company to the effect that the rule issued herein was erroneous for the reason that the rela-tors’ remedy was by devolutive appeal will be disposed of in our determination of whether or not a writ of judicial sequestration or temporary restraining order will issue without bond.
 

 The relators contend that the lower court was without authority in law to issue a judicial sequestration without bond. In the case of Allen, West & Bush v. Whetstone, 35 La.Ann. 846, this court in its decision stated:
 

 “1. It is claimed that the judicial sequestration, without affidavit or bond, was wrongful, because issued ‘at the request of the parties.’ The fact that parties suggested or requested it did not deprive the court of the power to order the sequestration ex-officio, under C.P. 273, without affidavit or bond.”
 

 Relators contend that the lower court was without authority in law to issue a temporary restraining order without bond.
 

 That part of section 2 of Act No. 29 of 1924 that deals with temporary restraining order with reference to bond reads as follows: “but if it be made to appear, to the satisfaction of the court, from- specific facts shown by a verified petition, or by supporting affidavits, that immediate and irreparable injury, loss, or damage will result to the applicant before notice can. be served, and a hearing had on such application, the court may, in its discretion, issue a temporary restraining order against the defendant, upon the applicant furnishing bond (unless bond be not required by existing applicable laws) in such amount as the court may fix, with surety or sureties, and conditioned as provided by existing applicable laws in respect of bonds in case of writs of injunction.” The respondents have cited no authority for the issuance of a temporary restraining order without bond and, after a careful examination of the jurisprudence, we have been unable to find any decision of this court on that question. From the plain language of section 2, Act No. 29 of 1924, a temporary restraining order will not issue without bond unless bond be not required by existing applicable laws. We know of no existing applicable law for the issuance of a temporary restraining order in a suit of this nature without requiring bond. There being no law authorizing the issuance of a temporary restraining order in a suit of this nature, under the expressed terms of Act No. 29 of 1924, a temporary order cannot issue without bond.
 

 In the case of Meine v. City of New Orleans, 149 La. 640, 89 So. 882, this court stated: “The practice of issuing restraining orders, and without bond, pending the determination of the question whether the court will grant the preliminary, injunction
 
 *605
 
 prayed for, is not authorized by the laws of Louisiana, and is probably borrowed, without the authority of law, from the equity system prevailing in our sister states.”
 

 The decision of Meine v. City of New Orleans, supra, was rendered prior to the passage of Act No. 29 of 1924. In section 2 of Act No. 29 of 1924 it provides for the issuance of a temporary restraining order upon the applicant complying with certain provisions. One of the provisions required, where there is no express law that authorizes the issuance of a temporary restraining order without bond, is that bond must be given.
 

 The relators in their motion to dissolve the temporary restraining order and the judicial sequestration asked for $500 damages for attorney’s fees for the dissolution of the two erroneously issued writs. They cite the case of Vidal v. Sterlington Gas Corporation, 182 La. 19, 161 So. 6, to the effect that damages are allowable where restraining order was dissolved. There is no evidence in the record as to the value of the attorney’s fees, and hence no evidence is before us as to the value of the attorney’s fees herein; therefore we cannot determine that question. . However, respondent’s rights for the attorney’s fees herein claimed, if they have any, in proper proceedings upon due proof, is specially reserved.
 

 For the reasons assigned the rule is made absolute and the writs herein issued are made peremeptory in so far as the temporary restraining order is concerned. The temporary restraining order, having been improvidently issued, is hereby recalled and set aside. In so far as the judicial sequestration herein is concerned, the rule is dismissed and the writs herein issued are recalled. The case is remanded to the lower court to be proceeded with according to the views herein expressed. The cost of this rule'to be paid by the plaintiff, respondent.