HIGGINS, Justice.
This action was brought for the purpose of having the commercial co-partnership, composed solely of plaintiff and defendant, dissolved and liquidated. It was alleged in the petition that the parties entered into an agreement to conduct a drug store business, the defendant to furnish the initial capital and the plaintiff to furnish his services as manager of the business; that the interest of the defendant in the partnership was to be two-thirds, and the plaintiff, one-third, the assets being owned in that proportion, the profits to be shared -on that basis and the liabilities to be assumed in that ratio; that the partnership commenced operations January 1, 1938, and continued until shortly before the suit was filed November 29, 1938; that the defendant has *1003 taken charge of the business as the sole owner thereof, dispossessing plaintiff of his interest without process of law; that he has appropriated the funds and assets belonging to the firm to his own use and purposes all in violation of the agreement and the law; that, unless the defendant is restrained, he will continue to conceal, part with or dispose of the assets of the partnership; and that a writ of judicial sequestration should issue to preserve the assets pending this litigation.
The trial judge ex officio issued the writ of judicial sequestration, without bond, and the sheriff took possession of the contents of the drug store.
The defendant filed a motion to rescind the order on the grounds: (1st) that the judge was without authority to issue the writ of judicial sequestration to seize movable property, the right being confined to immovable property; and (2nd) that the judge was powerless to issue the writ without a hearing.
The record does not show that the defendant filed an answer, denying the allegations of the plaintiff’s petition, and the trial judge set a rule nisi to show cause why the sequestration should not be recalled. After considering the legal points on which the defendant sought the rescission of the writ, the trial judge, in this same hearing, offered the defendant the opportunity of introducing any evidence which he might care to offer, tending to show that the writ was wrongfully or improvidently issued, but the defendant declined to do so, electing to stand upon the legal grounds urged. Whereupon the district judge recalled the rule nisi and entered judgment maintaining the sequestration.
The defendant filed a motion for a suspensive appeal, which the judge refused to grant on the ground that the judgment was an interlocutory one and the defendant would suffer no irreparable injury, but he did grant the defendant a devolutive appeal. After due notice the defendant applied to this Court for writs of certiorari, prohibition and mandamus. We granted a rule to show cause why the writs should not be issued and, in response thereto, the plaintiff and the trial judge, as respondents, answered, denying that the relator.was entitled to the writs, assigning reasons and citing authorities in support of their contentions.
The law is clear that the district judge has authority to judicially sequester movable property. Article 273, Code Prac.; Schwan v. Schwan et al., 52 La.Ann. 1183, 27 So. 678, and Bogalusa Ice Company v. Moffett, 188 La. 598, 177 So. 679.
The jurisprudence is uniform that the law vests the power in the district judge to ex proprio motu and without bond judicially sequester property without a hearing, where, after considering all the pleadings and the facts and circumstances alleged by the parties, he is of the opinion that the ends of justice require such action and this decision is left largely to his discretion. Articles 273 and 274, Code Prac.; Allen, West and Bush v. Whetstone et al., 35 La.Ann. 846; Eltringham v. Clarke et al., 49 La.Ann. 340, 21 So. 547; Ramos Lumber *1005 Company v. Sanders, 112 La. 614, 36 So. 625; Succession of Drysdale, 128 La. 151, 54 So. 701; Dickinson v. Texana Oil Company et al., 144 La. 489, 490, 80 So. 669; Barrow v. Duplantis et al., 147 La. 461, 462, 85 So. 205; Succession of Pavelka, 157 La. 480, 102 So. 579; and Bogalusa Ice Company v. Moffett, 188 La. 598, 177 So. 679.
The mere fact that the litigants requested a writ of sequestration has no effect on the validity vel non of the order granting it ex officio. Allen, West and Bush v. Whetstone, 35 La.Ann. 846.
In the case, Succession of Pavelka, 157 La. 480, 102 So. 579, 580, we said:
“Relatrix also prays that this court order the district judge to issue the writ of judicial sequestration for which she applied. We are unable to grant such order. It is within the judicial discretion of the judge to allow or to disallow a judicial sequestration. Code Prac. arts. 273, 274; Schwan v. Schwan, 52 La.Ann. 1183, 27 So. 678; Ramos Lumber Company v. Sanders, 112 La. [614], 616, 36 So. 625; Succession of Drysdale, 128 La. 151, 54 So. 701. And it is too well settled to require the citation of authority to sustain the proposition that mandamus will not lie to control matters resting purely within the discretion of an inferior court.”
Counsel for relator has referred us to the case of Dickinson v. Texana Oil Company, 144 La. 489, 490, 80 So. 669, 671, as being in point here. The Court set hside the judicial sequestration issued ex parte, without bond, not because the trial judge failed to previously conduct a hearing but because he predicated his action solely upon the allegations of the plaintiff’s petition, without considering the facts and circumstances contained in the other litigant’s pleadings. The Court said:
“To allow the allegations of one of the litigants to govern is to practically surrender to this litigant the discretion which the law has intrusted to the judge himself. In such cases the judge acts of his own motion; and the reason of his action is that all the facts and circumstances of the case, taken together, suggests the advisability of so doing.”
In the instant case it is true that the trial judge issued his order upon the allegations contained in the plaintiff’s petition, but when the defendant filed his motion to rescind the order, the judge, on the hearing thereof, informed defendant that he was ready and willing to hear any evidence which would tend to show that the sequestration had been unlawfully obtained or improvidently granted and upon a proper showing the judge, in accordance with the facts and circumstances of the case, would amend, modify or recall the order. The defendant refused to avail himself of this opportunity for the relief he now seeks here, being content to stand on the soundness of the legal questions raised. At this point we wish to say that in the relator’s application to this Court for the remedial writs, he stated that he was ready and willing on the trial of the rule nisi in the lower court to offer evidence to show that the writ had been wrongfully issued, but that the plaintiff objected to this procedure. In the returns of the respondents *1007 it is shown that this was an error and that just the converse was true.
It does not appear from the record that the defendant had filed an answer to the merits, denying the allegations of the facts contained in the plaintiff’s petition, and when the defendant declined the court’s invitation to deny or. contradict the facts and serious charges upon which the writ was issued, the judge had no alternative except to maintain the seizure. The defendant’s conduct under these circumstances confirmed the district judge’s.opinion that defendant was placing these movable assets of the partnership beyond the reach of the court and would continue to do so unless deprived of the custody and possession thereof. It is, therefore, apparent that the two cases are not similar. Surely we can not say that the learned trial judge abused his discretion and acted arbitrarily in maintaining the writ of sequestration.
 Complaint is also made that the sheriff, in executing the writ, closed the drug store, which was a going concern, instead of appointing a sequestrator so that the business could continue in operation. This point does not appear to have been raised in defendant’s pleadings in the lower court, but the fact that the sheriff, in executing the writ, acted illegally would not be a basis for setting aside the order of the district judge granting the writ of judicial sequestration. If the sheriff has acted illegally, defendant has first to exhaust his right to have the wrong corrected in the lower court before applying here for writs. However, again we say that the relief sought here is the rescission of the judge’s order granting the sequestration and not relief from its improper execution.
 Finally, relator contends that the trial judge erred in refusing to grant him a suspensive appeal. A litigant is not entitled to a suspensive appeal from an interlocutory decree unless irreparable injury will result from the judgment. To have allowed the defendant a suspensive appeal would have defeated one of the purposes of the suit, and by the court maintaining custody and possession of the property, the matter was kept status quo so that neither party would gain advantage over the other. Schwan v. Schwan et al., 52 La.Ann. 1183, 27 So. 678; State ex rel. Des Allemands Lumber Company v. Allen, 110 La. 853, 34 So. 804.
For the reasons assigned, the rule nisi is vacated and dismissed at the relator’s costs.