## WILLIAM B. LEWIS v. JAMES BARCLAY, COUNTY JUDGE OF CALAVERAS COUNTY.

MANDAMUS.—Mandamus lies to compel an inferior tribunal to perform a duty enjoined by law, but if the duty is judicial, the writ cannot prescribe what the decision of the inferior tribunal shall be.

WHEN MANDAMUS WILL NOT LIE.—The County Court has jurisdiction to dismiss an appeal, and mandamus will not lie to compel such Court to reinstate a case when the appeal has been dismissed, even if the Court acted erroneously in dismissing it.

COUNTY COURT.—In a matter in which the County Court has final jurisdiction, and acts, there is no remedy, even if it acts erroneously.

APPLICATION to the Supreme Court for writ of mandate to compel the County Judge of Calaveras County to reinstate a case in Court after he had dismissed the appeal.

On the 7th of September, 1867, H. A. Hogden recovered a judgment against Lewis and others, in the Court of Wm. Hopkins, a Justice of the Peace, for one hundred and seventy-six dollars and fifty cents, and costs taxed at nineteen dollars and seventy-five cents. The defendants took proceedings to appeal to the County Court. The County Court, on motion of plaintiff's attorney, dismissed the appeal. The ground on which the motion to dismiss was based was, that the appeal was taken upon questions of law alone, and there was no statement. Affidavits upon both sides were filed.

The petitioner, Lewis, applied for a writ of mandate to compel the County Court to reinstate the case.

*W. K. Boucher*, and *Coffroth & Spaulding*, for Relator.

*W. L. Hopkins*, and *A. Compte, Jr.*, for Defendant.

By the Court, SANDERSON, J.:

Mandamus lies to compel an inferior tribunal to perform a duty enjoined by law, if it refuses to do so; but if the duty is judicial, the writ cannot prescribe what the decision of the inferior tribunal shall be. The duty to be performed by the respondent in this case was strictly judicial, and there was

no refusal on his part to perform it. He may or may not have erred in the disposition of the case, but whether he did or did not, his action cannot be reviewed by mandamus, nor, indeed, by any other means, for the case is one in which the County Court had final jurisdiction, and if error was committed, there is no remedy. (*People* v. *Sexton*, 24 Cal. 78; *People* v. *Pratt*, 28 Cal. 136; *People* v. *Weston*, 28 Cal. 669; *Cariaga* v. *Dryden*, 29 Cal. 307.)

Counsel for petitioner seem to have relied upon the case of *The People* v. *The County Court of El Dorado County*, 10 Cal. 19, as authority for this remedy. No point was made in that case against the remedy, and the question was not considered by the Court. The writ was denied upon the merits; so neither the opinion nor the judgment of the Court is authority in support of the remedy.

Mandamus denied.

Mr. Justice RHODES expressed no opinion.