EUGENE MILTENBERGER, Appellant, *v.* THE ST. LOUIS COUNTY COURT, Respondent.

1. Mandamus — *County Court — Assessments — Specific judgment.* — The County Court cannot be compelled by *mandamus* to give a specific judgment. Where it has jurisdiction of a case it might be compelled to hear and determine it. To hear and determine applications for relief from or alteration of tax assessments, is the exercise of judicial and not ministerial power. The County Court must exercise its own judgment on such applications, and no other court can require it to decide in a particular way.

*Appeal from St. Louis Circuit Court.*

*S. A. Holmes*, for appellant.

I. *Mandamus* is the proper remedy, 1st, because there is no other remedy ; 2d, because the petition shows such an error in the assessment as the court is bound to correct ; 3d, because the court below refuses to perform a duty plainly enjoined by the statute. It not only lies to ministerial but to judicial officers. (Moses Mand. 15, 16, 19–23, 26, 48, 102, 104 ; 37 Penn. 279 ; 34 Penn. 496.) "The judgment of inferior officers or tributaries, upon matters which by law they may determine in their discretion, will not be controlled, but their judgment as to what

the law has allowed them to determine will be controlled." (9 Wis. 254 ; 10 Wis. 518 ; 4 Cal. 177 ; Dunklin County v. District Court, 23 Mo. 454.) The order of the County Court denying the petition in this case amounted to a refusal to correct or even to inquire into the matter. (27 Mo. 329 ; Castello v. St. Louis Circuit Court, 28 Mo. 259 ; Vitt v. Owens *et al.*, 42 Mo. 514 ; State *ex rel.* Adamson v. Lafayette County Court, 41 Mo. 222 ; State *ex rel.* Jackson v. Howard County Court, 41 Mo. 247 ; 9 Wis. 290 ; 20 Wis. 87.) The proper mode of testing the correctness of the action of the County Court is by *mandamus*. (Delaney v. Goddin, 12 Gratt. 266 ; Bristow v. The Supervisors, 3 Gibbs, Mich., 475.)

*Thos. C. Reynolds*, for respondent.

*Mandamus* did not lie. (Wagn. Stat. 1193, § 61 ; State, etc., v. St. Louis County Court, 47 Mo. 594.

ADAMS, Judge, delivered the opinion of the court.

This was an application for a *mandamus* to compel the County Court to strike from the assessor's books an alleged erroneous assessment of plaintiff's property. The tax complained of was a city tax which the plaintiff claims was illegally and erroneously entered on the books by the assessor. He first made his application to the County Court to correct the alleged error by striking this tax from the assessor's books. That court refused to take cognizance of the case, and dismissed the petition. The plaintiff then applied for a *mandamus* as above stated, not merely to compel the County Court to exercise its jurisdiction by hearing the case, but also to proceed and enter up a specific judgment by striking the alleged erroneous assessment from the assessor's books.

We cannot in this proceeding decide whether the alleged assessment was right or wrong. Nor can the County Court be compelled by *mandamus* to give a specific judgment. Where it has jurisdiction of a case, it might be required to hear and determine it. To hear and determine applications of this kind is the exer-

cise of judicial and not ministerial power. The County Court must exercise its own judgment as to how the matter shall be determined, and no other court can require it to decide in a particular way. (See Dunklin County v. District Court of Dunklin County, 23 Mo. 449; State *ex rel.* Adamson v. Lafayette County, 41 Mo. 221.)

Let the judgment be affirmed. The other judges concur.