No. 8153.

·STATE OF LOUISIANA EX REL. ELIZABETH HORSCH VS. JUDGE CIVIL DISTRICT COURT, DIVISION D.

·This Court will not use its supervisory power, under Article 90 of the Constitution, to compel a District Judge, who has appointed, according to his judgment and his conscience, one of two applicants tutor of a minor, to appoint the other applicant instead, on the ground that the latter is the party designated by the law. The Decree can only be reversed on Appeal, if illegal.

·Nor is it an open question any more, that a *Mandamus* does not lie to control the exercise of the discretion of inferior courts, in a particular manner.

APPLICATION for Writ of *Mandamus.*

*W. B. Koontz* and *Lacey & Butler* for the Relatrix:

·The judgment of the inferior court is productive of great wrong and hardship toward rela-·trix and her minor grandchildren, from which no relief or remedy is afforded by appeal. C. P. 580.

In all cases where the action of the lower court is promotive of great hardship and injustice, whether the proceedings be regular or otherwise, and there is no other remedy, the Court should exercise its supervisory power. Constitution, Arts. 81, 90 ; 32 An. 549, 555, 719, 776.

·There can be no dative tutorship where the minor has relations, who may claim the tutorship by the effect of the law. Rev. Civil Code, 273, 266, 270 ; 5 Rob. 268; 9 An. 356; 10 La. 540.

·The inferior judge was without discretion to refuse relatrix the legal tutorship. Rev. Civil Code, 266.

Neither is it the exercise of a sound discretion to refuse relatrix the dative tutorship for causes not enumerated in the Civil Code (Arts. 302, 303) as grounds of exclusion, and this Court should interfere to prevent the wrong and injury. 29 An. 795.

·This case presents itself as coming within the reservation made in *State ex rel. City of New Orleans vs. Judge*, 32 An. p. 549, as an exceptional case calling for special relief.

Relatrix, in any event, should be given the custody of the persons and property of the minors until she is heard on appeal from the judgments depriving her of her grandchildren.

*F. Michinard* for the Respondent.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    This is an application for a *mandamus* to compel ·the respondent to render a particular decree.

The relatrix claims that it was the *duty* of the respondent to appoint her tutrix of her minor grandchildren, whose father and mother have died, without appointing to them a testamentary tutor; that he has rejected her application, and conferred the appointment on a half brother of the minors, against whom she prefers grave charges; that the judgment is final by signature; that she cannot take a suspensive appeal from it, none being allowed by law; that she has sustained a wrong which should be redressed, and that her only mode of relief is to appeal to this Court for the exercise of its *supervisory* powers. She concludes, by praying that the District Judge be commanded to appoint her *legal*, or, at least *dative* tutrix of her minor grandchildren.

The respondent returns that the merits of the case, involving the claim of the relatrix to the tutorship in question, were regularly and contradictorily tried and decided by him in the conscientious discharge of his duties.

The relief sought by the relatrix cannot be granted her in the present proceeding.

Her right to the appointment is not absolute and unquestionable.

If it was the duty of the District Judge to have appointed her, it was not a *ministerial* duty, the performance of which can be enforced in this form.

The law requires of him, in a matter like that submitted to him, viz: one in which there are conflicting claims between the ascending and other relatives, and one of them pretends to have a better right than the person claiming the tutorship, that he shall determine the case in a summary way, and confer the tutorship "*on the person whom he thinks to have the best right*," reserving the right of appeal to the other party. C. P. 954, 955. In the decision of such a case, he is clearly vested with a *judicial* discretion.

Even if it were otherwise, it does not appear that he has refused to exercise that discretion; on the contrary, it is patent that he has done so. The indisputable right of the relatrix was to have her claim passed upon. The District Judge could have been compelled to determine it, had he refused to do so; but he has passed upon and has rejected it. 14 Wall. 152.

Besides, the relatrix has an adequate and specific remedy. The law specially provides that an appeal lies in such a case. C. P. 580, 1059. It is true that the appeal will not suspend the execution of the judgment of appointment, but with the propriety or impropriety of the law this Court has nothing to do. It takes and enforces it as it finds it on the statute book. We are not, however, to infer that the minors will, on that account, suffer an irreparable injury. Even then we do not see how we could afford the relief. 22 An. 116; 14 Wall. 152; 35 Cal. 213.

It is the duty of the District Judge to require from the tutor whom he has appointed, a bond for a sufficient amount, and to see that the surety or sureties furnished are good and solvent, in the meaning of the law. We have no reason to assume that he will prove derelict to his trust, and we believe to the reverse.

The rule may be considered as established by an overwhelming current of authority, English, American and local, that a *mandamus* does not lie to control the exercise of the discretion of inferior courts in a particular manner. Their decision, specially on the *merits* of a case, must be left untrammeled. When pronounced in a matter properly before them, it cannot be reviewed and corrected in such a proceeding. Whether the judgment was correctly or incorrectly rendered in such matter is immaterial. In an appealable case it can be revised and corrected, if need be, on appeal only; and in unappealable cases it must remain as rendered. The fact that the decision complained of may seem to bear harshly and oppressively upon the party complaining, does not warrant a departure from the well-established rule.

*Ex parte* Newman, 14 Wall. 152; 35 Cal. 213; 4 Pet. 404; 1 Denio 679; C. P. 905; 2 An. 979; 3 An. 716; 8 An. 92; 9 An. 14, 250; 10 An. 420; 22 An. 116; 23 An. 766; 26 An. 116; 19 An. 6; also other authorities cited below.

The granting of a *mandamus* in the present case would be, in an irregular proceeding, to reverse the judicial action of the District Judge, to compel him to retrace his steps, to annul his judgment, and to force him to render another judgment, not according to his own views, but in conformity with those of a superior court substituted thereto. It would be to usurp, practically, the functions of the inferior tribunal in the determination of the *merits* of the case. 15 An. 113; 13 An. 483; 17 An. 328, 288; 22 An. 116; 26 An. 121; 28 An. 805; 3 An. 978.

An interference of that character would speedily absorb the time of this Court in reviewing, on applications for a *mandamus*, the findings of lower courts to the great prejudice of the regular business of this Court, and would engender a confusion and delay in litigation, which would thwart the ends of justice, and soon become unbearable. 94 N. S. 414; 32 An. 978; 15 An. 113; O. B., folio 43; Ib. 211-213; 17 An. 328; 98 U. S. 240; 9 Pet. 573; 13 Pet. 404; 14 Wall. 152; 35 Cal. 213; 4 Pet. 404; 3 Ad. & E. N. S. 810; 3 Ad. & E. 725; 5 Halst. 57; 1 Mich. 359; 4 Cow. 49; 50 Mo. 172; 46 Barb. 27; 4 Mo. 286; 3 Ark. 427; High on Ex. Rem. §§ 176, 177, 181, 186, 188, 189, 197, and authorities at foot of pages 148, 150, 151, 152—Ed. 1874.

We have had occasion several times to consider the spirit and letter of Art. 90 of the Constitution, invoked by the relatrix, and to state

generally the nature of the cases within its purview. 32 An. 552, 555, and others.

We do not think that in the circumstances presented by the relatrix we would be justified in exercising in her behalf the plenary powers conferred upon us by that constitutional provision.

It is, therefore, adjudged and decreed that the preliminary orders herein made be rescinded, and that the application for a *mandamus* be refused with costs.