Bank vs. Webre et al.

## No. 11,064.

### CITIZENS' BANK OF LOUISIANA VS. MARIE J. WEBRE ET AL.

The Supreme Court will not order the execution of a writ in disregard of an injunction, nor interfere by mandamus with the action of a district judge granting an order of injunction on grounds of a date subsequent to the rendition of the judgment enjoined and presenting questions against proceedings under the writ enjoined.

The district judge exercised a discretion vested in a court of the first instance.

Mandamus lies to compel the inferior courts to exercise a discretion, but not to control that discretion.

APPLICATION for Mandamus.

*St. M. Berault* and *Henry C. Miller* for the Relator:

A writ issued by the late Twenty-second Judicial District Court for the seizure and sale of property in the parish of St. James, the execution of the writ having been suspended for years by an injunction dissolved by the final judgment of this court in February, 1892, is, under the mandate of this court dissolving the injunction, to be executed by the Twentieth Judicial District Court the jurisdiction of which, under the changes of the judicial districts made since the writ issued, now embraces the parish of St. James. See Acts 1890, No. 69, p. 56; Constitution of 1879, Art. 108; State vs. Cheevers. 32 An. 649.

When the mandate of this court, based on a decree dissolving an injunction against a writ of seizure and sale, is filed in the lower court, the mandate is to be executed, and this court will enforce that execution; in the exercise of its authority to compel obedience to its decree, this court necessarily takes judicial notice of the lower court and of the sheriff to carry the mandate of this court into effect; hence, when the mandate is sought to be obstructed by a fresh injunction which challenges the capacity of the judge and sheriff of the lower court, this court will from its judicial knowledge determine that question, and if the mandate is being carried into effect by the competent court and sheriff, then, this court will treat the fresh injunction as improvidently issued, and a breach of the mandate, and will compel compliance with it, by mandamus ordering the lower court and sheriff to proceed with the seizure and sale. Code of Practice, Arts. 829, 837, 838; State vs. Judge, 20 An. 522; Hayes vs. Marsh, 11 La. 368; Walker vs. Villavaso, 23 An. 799.

*Robt. G. Dugué* for the Respondents:

This court has no original jurisdiction.

Mandamus does not lie to compel an inferior judge to rescind or revoke an injunction which he has granted in a case over which he has no jurisdiction. 38 An. 31, 274, 558, 921; 40 An. 608.

Inferior courts are authorized to restrain illegal proceedings under writs issued in execution of judgments, even though the judgments may have been rendered by this court. Ibid.

When parties are aggrieved by a judgment refusing to permit them to dissolve an injunction on bond, the remedy is by appeal, not by prohibition. 36 An. 394.

A rule to dissolve an injunction on bond admits the validity of the same as a subsisting injunction (33 An. 760), and the party cast can not ignore the judgment and affect to treat the injunction as an absolute nullity so as to obtain relief by mandamus. 38 An. 558.

The opinion of the court was delivered by

BREAUX, J. The plaintiff obtained executory process from the Twenty-second Judicial District Court for the seizure and sale of certain property.

The writ was enjoined on a number of grounds.

The injunction was dissolved by the lower court.

On appeal to this court the judgment was affirmed.

The case was remanded and the decree filed in the District Court.

The property was advertised to be sold under the writ on the 18th day of June, 1892.

The writ was again enjoined on an order of the judge of the District Court, and a bond for the injunction was executed in compliance with the order.

The grounds of the second injunction are that the court has been abolished under the authority of which the writ of seizure and sale issued, and that its judgments and writs can not be executed by the present District Court.

That the sheriff can not execute any writ or process of the Twenty-second Judicial District Court.

That the advertisement of the property for sale does not set forth the name or title of any existing court.

Plaintiff moved to dissolve the injunction sued out against it on bond under Art. 307 of the Code of Practice.

The motion to bond was dismissed by the court.

The relator prays for a *mandamus* directing the sheriff to proceed in the execution of the writ of seizure and sale, and enjoining the judge of the lower court from making any order to interfere with the execution.

In this court the district judge and the defendant have filed separate answers to relator's petition.

The judge, in his answer, states that he granted the order of injunction on a petition, in legal form, and an affidavit and bond according to law, and that in the exercise of the discretion given to him by law, he was justified in granting the order of injunction.

He disclaims any intention to disregard the authority of this court, and he avers that the matters and things set up in the present suit, before the court over which he presides, arose after the institution of the first suit, and in consequence were not part of the issues decided in the first injunction case.

The change by the Legislature, under Act 69 of 1890, of the judicial districts of the State so that the parish of St. James, with Ascension and Assumption, constituted the twentieth judicial district, instead of St. James forming part of the twenty-second judicial district as it did when the seizure and sale issued, have given rise to the defence made against the execution of the writ.

*Mandamus does not lie.*

Act 69 of 1890 was adopted since the writ of seizure and sale in this case was enjoined, and if it gave any cause at all for defence, it is of a date subsequent to the decision of this court affirming the judgment of the lower court.

The judge did not see proper to apply preliminarily the rules of construction to the grounds presented in relator's petition, nor to follow the principles laid down in matter of the transfer of cases from a court superseded by statute to the court by which it is superseded. Cheevers vs. Duffel, 32 An. 654.

In this he acted not on grounds, as contended by the relator, assailing the authority of this court, but exclusively on grounds alleged against proceedings under the writ.

The case is similar in this respect to State ex rel. Sentell vs. Judge, 38 An. 37.

The court in this case declined to consider the grounds of injunction, which the counsel for relator characterized as frivolous, and held that if frivolous it was enough to find that in granting the injunction the district judge acted within his power and authority.

The writ of mandamus having the effect of dissolving, an order of injunction will not issue.

Questions of the construction of statutes applying to the merits of a controversy can not be taken from the remedy by appeal and be reviewed on an application for a mandamus.

As to whether a writ of injunction is a writ of right in every case, we have examined a number of decisions and find that the court decided in the Polar Star Lodge case, 16 An. 234, that by fair construction of Arts. 296, 298, 303 and 304, C. P., the lower court is

entrusted with judicial discretion to refuse to issue an injunction where it is manifest that it is in direct conflict with the decree of the court between the same parties.

A similar discretion in the judge is recognized in matter of issuing injunction in State ex rel. Beebe vs. Judge, 28 An. 905.

In Heyniger vs. Hoffnung, 29 An. 57, the case was remanded to enable the district judge to consider and determine whether the facts and allegations set forth in the petition for injunction, together with the affidavit and bond, are sufficient to justify the issuance of the writ prayed for, and in thus remanding this court stated a question of discretion left with the district judge.

The judge's authority to consider the grounds of application for an injunction, and to exercise, at least, a limited discretion, are stated approvingly in State vs. Judge, 18 L. 544.

A contrary opinion is expressed in the case of Beebe vs. Guinault, 29 An. 797, in which the principle is announced that the party applying is entitled to it as a matter of right, and that the penalty is ample protection if it be obtained without sufficient cause.

We maintain with the first decisions referred to, that the writ of injunction is not wholly a writ of right whenever it is manifest, as it was in said cases (and possibly in the case at bar), that there is no ground for an injunction.

The grounds of relator's application do not recommend themselves as sound in either case, whether it be held that the lower judge is entrusted with discretion to grant or not the order of injunction, or that the writ of injunction is wholly a writ of right.

Whether the judge is entrusted with the discretion he claims in his answer, or the writ of injunction must issue as a matter of right, is of no moment in this case, for after the injunction has been granted mandamus will not lie to compel the sheriff to proceed with the writ of seizure and sale in utter disregard of the injunction.

We have not found any authority sustaining the theory that a judge's order regularly granted and complied with can be set aside, and the writ of seizure proceeded with as if no injunction had been issued.

The Supreme Court of Alabama, vested, as is the Supreme Court of this State, with the general superintendence and control over inferior tribunals, nevertheless decided that the inferior courts of the State could not be interfered with by mandamus, to compel the dis-

solution of an injunction, or its entire disregard. *Ex parte*, The City of Montgomery, 24 Alabama, 98.

This decision is approvingly quoted from in High on Ex. Leg., R., p—.

*The dissolution of the injunction on bond.* The relator alleges that his rule to dissolve the injunction on bond was discharged.

But the prayer of the petition and the argument lead to the conclusion that the relator does not, under the writ of mandamus, seek any relief from the court's action in having refused to dissolve the injunction on bond.

Be it as it may, the discretion to dissolve on bond is specially given originally to the district judge in words: " The courts may, in their discretion, dissolve the same" (C. P. 307). Therefore mandamus will not lie to compel a dissolution of the injunction on bond.

It is ordered that relator's application for a writ of mandamus be denied at its cost.

Rehearing refused.