LAND, J.
This is an action of slander of title, plaintiff alleging ownership and possession. Defendants are all charged with the slander, and two of them with trespass by cutting and hauling timber from and deadening and felling trees on the land in controversy. Sanders is charged with the special slander of claiming title by suit against his codefendants, Ditch and Norgress, who set up title in themselves.
*615 Plaintiff sues for $16,300 damages, and prays for recognition of its rights of possession and ownership, and that defendants be perpetually enjoined from slandering its title and asserting claims to the lands described in the petition.
Before answer filed, plaintiff filed a petition representing that defendant Sanders and others, acting as his agents and employSs, had unlawfully entered on the lands sued for, and were engaged in cutting, deadening, and removing trees, lumber, and wood therefrom, to the irreparable damage and injury of the plaintiff, who prayed for a judicial sequestration of the property. The allegations of the petition were verified by affidavit, and the district judge signed an ex parte order directing that a writ issue as prayed for. The property was taken possession of by the coroner vice the sheriff, charged with being a party to the alleged trespass pendente lite.
Defendant Sanders filed his answer, and also his petition, supported by affidavit, alleging that the effect of the writ was to dispossess him of a tract of land which he had possessed for more than a year under a title recognized by judgment of the district and supreme court, and praying that the order for a judicial sequestration be rescinded.
The court ordered plaintiff to show cause to the contrary, and after a hearing ordered that the sequestration be dissolved on defendant’s giving bond with good and solvent security in the sum of $15,000. The release bond was given, but plaintiff was granted an appeal, both devolutive and suspensive, from the order, but no amount of bond was fixed.
Bond was, however, given in the sum of $15,000. There is no motion to dismiss.
The sole question brought up by this appeal is the right of defendants to dissolve on bond.
Article 279 of the Code of Practice, as amended, gives to defendants, plaintiffs, and interveners the right to bond. If plaintiff in the instant case had originally caused the property to be sequestered, defendants’ right to bond would be unquestioned. I-Ias such right been destroyed by the fact that the court ordered ex officio the issuance of' the writ? The Supreme Court, in State ex rel. Taylor v. Judge, 26 La. Ann. 65, answered in the negative, holding that, except in case of failure, any sequestration may be released on bond. This ruling was affirmed in State ex rel. Lumber Co. v. Allen, 110 La. 854, 34 South. 804.
We have been referred to only two cases where the right to dissolve on bond was denied. These cases were exceptional. In one partnership, and in the other corporation, property was sequestered for the purposes of liquidation, settlement; and partition, which would have been defeated by the release of the property to one of the litigants. State ex rel. Roth v. Judge, 38 La. Ann. 49; Eltringham v. Clarke, 49 La. Ann. 340, 21 South. 547.
In cases of real estate the Code of Practice provides as follows, viz.:
“The court may order, ex officio, the sequestration of real property in suits, where the ownership of such property is in dispute and when one of the contesting parties does not seem to have a more apparent right to the possession than the other. In such cases, sequestration may be ordered to continue until the question of ownership shall have been decided.” Article 274.
This kind of sequestration was invoked by plaintiff, who had his remedy by injunction, or by sequestration under the third paragraph of article 275 of the Code of Practice. Article 274 is permissive, both as to the granting and continuance of the judicial sequestration. The judge cannot be compelled to grant the writ or to continue it in force. It is a matter of discretion. After having granted the writ, the court may continue or discontinue it. The parties have no vested interest in the process that will prevent the judge from the exercise of his discretion in *617 tlie premises. Having, in the instant ease, granted, the writ on an ex parte suggestion, the judge on a counter affidavit, and after a hearing, ordered that the writ be dissolved on adequate bond and security.
If the plaintiff had sequestered the property on affidavit and bond on a claim of ownership or possession, the defendant would have been entitled to bond under the provisions of article 279 of the Code of Practice. The fact that the court ex officio ordered the sequestration makes no difference.
Article 307, relative to dissolution of injunctions on bond, has no application to sequestrations where the right to dissolve is absolute, and embraces both movables and immovables.
It is therefore ordered, adjudged, and decreed that the order appealed from be affirmed; plaintiff and appellant to pay the costs of appeal.