(76 South. 715)

No. 22837.

A. J. DANOS & CO. v. PEOPLE'S BANK OF PLAQUEMINE et al.

In re MILLY PLANTING & MFG. CO., Inc.

(Oct. 29, 1917.)

*(Syllabus by the Court.)*

1. MANDAMUS ⊜⟳38—SEQUESTRATION—STATUTE.

The language of article 274 of the Code of Practice, that the district judge may, even on his own motion, order a judicial sequestration of property of which the ownership is in contest and of which neither party to the suit has a more apparent right to possession than the other, implies that a refusal of the judge to order such sequestration without bond, at the instance of either party to the suit, is the exercise of a judicial function entirely within his discretion, and should not be interfered with by mandamus.

2. MANDAMUS ⊜⟳38—JUDICIAL OFFICER—ORDER FOR SEQUESTRATION.

When the plaintiff in a suit involving the ownership of real estate alleges that he is in possession of the property as owner and obtains a writ of injunction to prevent the defendant from interfering with his possession, this court will not compel the district judge by mandamus to order a judicial sequestration of the property without bond, at the instance of the defendant in the suit.

Suit by A. J. Danos & Co. against the People's Bank of Plaquemine and the Milly Planting & Manufacturing Company, incorporated, and others, with injunction. Application by defendant the Milly Planting & Manufacturing Company, Incorporated, to dissolve the injunction and to have the injunction bond increased refused, and its application for a writ of sequestration denied, and it applies for writ of mandamus. Application dismissed.

Pugh & Lemann, of Donaldsville, and J. H. Pugh, of Plaquemine, for relator.

O'NIELL, J. In January, 1917, A. J. Danos & Co. brought suit against the People's Bank of Plaquemine and the Milly Planting & Manufacturing Company, and the members of the company, to compel performance of an alleged agreement on the part of the bank and its officers to sell to the plaintiff the Milly plantation. The plaintiff alleged that, after agreeing to sell the plantation to the plaintiff, the officers of the bank pretended to organize the Milly Planting & Manufacturing Company, composed entirely of themselves, and made a transfer of the plantation to the corporation, in violation of the agreement to sell it to the plaintiff. The plaintiff prayed for a judicial sequestration of the property in contest, which was granted, without bond. The Milly Planting & Manufacturing Company applied to dissolve the sequestration on bond, whereupon the plaintiff, A. J. Danos & Co., asked that the order of sequestration be rescinded. The request was granted and the order rescinded. A. J. Danos & Co. then immediately filed a petition for a writ of injunction to prevent the defendants from interfering with the plaintiff's possession of the property in dispute. The writ issued on a bond for $10,000, and the members of the firm of A. J. Danos & Co. remained in possession of the plantation and continued cultivating it. The Milly Planting & Manufacturing Company made application to have the injunction dissolved on bond, which was refused, and the company thereafter applied to have the injunction bond increased, which was also refused.

In September, 1917, the Milly Planting & Manufacturing Company filed a petition in the district court, praying that the Milly plantation, with its appurtenances and the growing crops of sugar cane and corn be judicially sequestered, on the ground that the petitioner feared that A. J. Danos & Co. would make use of its custody of the plantation to dilapidate it and to waste the fruits and revenues, and to dispose of the crops and divert the proceeds to the use and benefit of A. J. Danos & Co. The district judge refused to issue a writ of sequestration; and the Milly Planting & Manufacturing

Company filed this application for a writ of mandamus to compel the judge to issue the writ.

### Opinion.

We conclude from an examination of the record that two of the three members composing the firm of A. J. Danos & Co. are in actual possession of the Milly plantation and have been in possession from a date long prior to the beginning of this litigation. They contend that they were in possession as owners of the property, and were cultivating it for the account and benefit of their firm, on their faith in the agreement of the bank and its officers to sell the plantation to them, A. J. Danos & Co. The relator, on the other hand, contends that the two members of the firm of A. J. Danos & Co. were on the plantation as employés of the relator; that on the 19th of January, 1917, relator discharged the two Messrs. Danos from the employ of the company and put another employé in charge of the plantation as manager; that two days later, that is, on Sunday, the 21st of January, the new manager was expelled from the premises by force and arms; and that on the next day the sheriff took possession under authority of the writ of sequestration issued at the instance of A. J. Danos & Co. The question whether A. J. Danos & Co. or the Milly Planting & Manufacturing Company had possession of the plantation before and at the institution of this litigation, therefore, depends upon whether the Messrs. Danos, who were on the property and in charge of it, were representing their firm or the Milly Planting & Manufacturing Company. That question has not been determined by the district judge and cannot be determined by this court in this proceeding.

[1, 2] There are two reasons why we are constrained to deny the relief prayed for by the relator. The first is that the writ of judicial sequestration that issues without bond, usually on the judge's own motion, is a matter so largely, if not entirely, within his discretion that we cannot now imagine a case in which we would be warranted in commanding him to issue such a writ. In Ramos Lumber Co. v. Sanders, 112 La. 614, 36 South. 625, it was said that the judge could not be compelled to grant the writ, or to continue it in force if he did grant it; that the parties to the suit had no vested interest in the process that could prevent the judge from exercising his discretion in the matter. In fact, the very language of article 274 of the Code of Practice, that the judge may, even on his own motion, order a judicial sequestration of property of which the ownership is in contest and of which neither party seems to have a more apparent right to possession than the other, implies that a refusal of the judge to order such sequestration without bond, at the instance of either party to the suit, is the exercise of a judicial function entirely within his discretion. Our second reason for denying the relief prayed for has reference to the peculiar facts of this case. It is that, if the court should order a sequestration of the property at the instance of the relator, A. J. Danos & Co. would have the right to dissolve the writ on bond and remain in possession of the property under protection of the writ of injunction now in force. See Ramos Lumber Co. v. Sanders, supra. The situation would then be practically the same as if the injunction bond had been increased. The relator is not now demanding an increase of the injunction bond, and the district judge, in answer to the rule to show cause why the relief prayed for should not be granted, declares that he is willing and ready to order an increase of the bond if the relator can show good cause for demanding it.

The rule issued herein is dismissed at the cost of the relator.

LECHE, J., takes no part.