(78 South. 729)

No. 23030.

NEW ORLEANS SILICA BRICK CO. v. JOHN THATCHER & SON.

In re NEW ORLEANS SILICA BRICK CO.

(April 29, 1918.    Rehearing Denied May 27, 1918.)

*(Syllabus by Editorial Staff.)*

I. MANDAMUS ⬬4(3)—NEW TRIAL—CONTROL OF DISCRETION OF TRIAL COURT.

Mandamus will not issue to control the discretion of the trial court in granting new trial; if any error has been made, it can be corrected only on appeal.

2. CERTIORARI ⬬5(1)—REMEDY BY APPEAL—GRANT OF NEW TRIAL.

The Supreme Court cannot undertake to review by certiorari the granting of new trials.

Action by the New Orleans Silica Brick Company against John Thatcher & Son, wherein the Globe Indemnity Company answered. Judgment for plaintiff, and to review ruling granting new trial, and to reinstate the judgment, or for trial as between plaintiff and defendants alone, plaintiff applies for writs of certiorari and mandamus. Application dismissed.

P. M. Milner, of New Orleans, for relator. Hall, Monroe & Lemann, of New Orleans, for Globe Indemnity Co.

---

[1] 142 La. 818.

PROVOSTY, J. The plaintiff company, in order to induce the Globe Indemnity Company to become surety on the bond of Carey & Co., subcontractors in the construction of the Elks' Home in this city, agreed to furnish "all necessary concrete material" and to lend $1,500 to these subcontractors, and to waive its furnisher's lien against the building. Carey & Co., after having partly carried out their subcontract, defaulted on it; and the defendants, John Thatcher & Son, the principal contractors, completed it at the expense of Carey & Co. For doing so they bought the necessary concrete material from plaintiff. A like quantity of material would have been furnished by plaintiff to Carey & Co., if the latter had not defaulted. However, the material whereof the price is sued for was not furnished to defendants by way of carrying out the agreement to furnish Carey & Co., but independently altogether of that agreement—purely and simply as a sale of material to defendants. Sued in this suit for the price of these materials, defendants admitted owing it, but averred that the Globe Indemnity Company had notified them that they were claiming to be entitled to it, and that therefore the amount should be deposited in court to be litigated over by plaintiff and the Globe Indemnity Company, and that the latter company should be cited for that purpose. The court ordered the deposit to be made and the citation to issue, and the deposit was made. The Globe Indemnity Company answered, claiming the fund, on the theory that the intention of said agreement of plaintiff to furnish materials and money to Carey & Co., and to waive their furnisher's lien, was to contrive and provide that the amounts which would be payable to Carey & Co. under their said subcontract should be available for meeting whatever debts said subcontractors might incur for labor or material in carrying out said subcontract, which debts would operate as liens against said building, and should be covered by said bond, and that this intention would be defeated if said sum went to plaintiff, for then the amount thus paid by Thatcher & Son would have to be deducted by them from the amount earned by Carey & Co. under their subcontract, and thereby the entire margin available for meeting the laborers' and furnishers' liens, as protection against which the indemnity bond was given, would be absorbed. The further averment is made that the default of Carey & Co. was due to the failure of plaintiff company to carry out its agreement to furnish the materials.

After these answers had been filed, plaintiff moved for judgment on the face of the pleadings, in view of the fact that defendant admitted owing the debt; and judgment was so entered. Within the delays for new trial the court, on the joint motion of defendants and the Globe Indemnity Company granted a new trial.

For asking to be allowed to deposit the fund and to call in the Globe Indemnity Company to litigate over it with plaintiff, the defendants, Thatcher & Son, make substantially the same allegations here recited as having been made by the Globe Indemnity Company; but they fail to allege that they were in any way, shape, or form parties to the said alleged agreement between plaintiff and the Indemnity Company, or bound by it in any way. They do not allege that the materials whereof the price is sued for were furnished in pursuance of, or in execution of, the agreement between plaintiff and Carey & Co. and the Indemnity Company. As the case appears on the face of their answer, the materials were simply purchased by them from plaintiff, and they owe plaintiff for them; and the Globe Company is making claim to the price.

The plaintiff applies for writs of certiorari and mandamus, asking this court to review the ruling by which a new trial was granted, and to order the judgment, which was set aside by the new trial, to be reinstated, or

else to order the trial of the case to be proceeded with as between plaintiff and defendants alone, without the Globe Indemnity Company.

[1] The decision of the issues thus raised is confided by our law to the discretion of the trial court. That discretion cannot be controlled by mandamus.

[2] If any error has been made, the only mode by which it can be corrected is by appeal. This court cannot undertake to review by certiorari the granting of new trials, or, in other words, to try cases piecemeal.

Application dismissed, at the cost of relator.

MONROE, C. J., takes no part.

*(Syllabus by Editorial Staff.)*

