(85 South. 205)

No. 24006.

BARROW v. DUPLANTIS et al.

In re BARROW.

(May 31, 1920.)

*(Syllabus by the Court.)*

1. **Mandamus** 🔗38—**Does not lie to control judicial discretion.**

Mandamus will not lie to control the discretion of a judicial officer.

2. **Corporations** 🔗621(6)—**Partnership** 🔗325(3)—**Sequestrator or receiver not appointed on ex parte application save in extreme cases.**

Save in an extreme case, a sequestrator or receiver should not be appointed to take charge of the property and affairs of a partnership or corporation upon an ex parte application.

Action by R. R. Barrow against Caliste A. Duplantis and others. On ex parte petition by plaintiff praying for certiorari and mandamus. Application denied.

Harris Gagne, of Houma, for plaintiff.

Caillouet & Caillouet, of Thibodaux, for defendants.

MONROE, C. J. It appears from the petition, exhibits, and return herein that many years ago plaintiff entered into a contract of partnership with H. Clay Duplantis for the operation of Myrtle Grove plantation and sugar refinery, and for the buying and selling of sugar cane in the parish of Terrebonne, in which it was agreed that, in the event of the death of either party, the partnership should continue during the term originally agreed on between the heirs or legal representatives of the decedent and the surviving partner, and which contract was renewed from time to time; the last renewal having extended the partnership for a term which included the years 1919 and 1920. It further appears that H. Clay Duplantis died in September, 1919, leaving major and minor children, and in the class first mentioned his son, Caliste A. Duplantis, who was appointed administrator of his estate; that differences soon arose between him and relator in regard to the management of the partnership business, as a consequence of which, in January, 1920, relator brought suit, charging the administrator with violating the contract in various particulars, alleging that a continuance of the partnership relation had become impossible, and praying that the parties in interest, being the several children of the deceased partner, be cited, and, after hearing, that the partnership be dissolved, and in the meanwhile that defendants be ruled to show cause why he (relator) should not be appointed liquidator, with authority to take possession of the assets and conduct the affairs of the partnership in liquidation to a final settlement and partition.

Defendants excepted to the proceeding by rule on the ground that it was unauthorized by law, and the exception was sustained by the court. They then interposed the exception of no cause of action to the main demand, and that exception remains undisposed of at the present time. After the dismissal of the rule for his appointment as liquidator, relator filed a supplemental petition further alleging that, no matter what disposition may be made of the exception, the case must continue in the courts for a considerable time, that the petition shows a state of affairs which must lead to a dissolution of the partnership, that the rights of the parties are being endangered, that an ex officio sequestration of the property is the necessary

and only remedy, and praying that such sequestration be ordered, that an inventory be made, and that the sheriff, having first taken possession thereof, turn the property over to a sequestrator or receiver, to be named by the court and vested with authority to control and manage the same until some further disposition be made thereof. The supplemental petition contains no prayer for the citation of the defendants, and, according to the returns herein made by the trial judge, the request that he order the sequestration was made ex parte, which is one of the reasons which he assigns for having refused it; another reason being that the matter was within his discretion, and that he did not consider that the occasion required that he should take such action. Relator then presented to this court the application, for a writ of mandamus, "directing the respondent judge to order the sequestration ex officio, of all the property of Barrow & Duplantis and to appoint a sequestrator," etc., that we are now considering.

[1, 2] The reasons which the judge assigns for not having taken the requested action are conclusive against the issuance of a mandamus to compel him to do so: First, because the language in which the authority to issue such a writ is conferred is permissive, and not mandatory (C. P. arts. 273, 274), and mandamus does not lie to control the discretion vested in a judicial officer (State ex rel. Horsch v. Judge, 33 La. Ann. 270; Bank v. Webre, 44 La. Ann. 1081, 11 South. 706; A. J. Danos & Co. v. People's Bank, 142 La. 287, 76 South. 715; New Orleans Silica B. Co. v. John Thatcher & Son, 143 La. 442, 78 South. 729); and, second, because, save in an extreme case, a sequestrator or receiver should not be appointed to take charge of the property and affairs of a partnership or corporation upon an ex parte application (Mestier v. Chevallier P. Co., 51 La. Ann. 143, 24 South. 799; State ex rel. Brittin v. City, 43 La. Ann. 829, 9 South. 643; State ex rel. Dauphin v. Ellis, 108 La. 536, 537, 32 South. 335).

It is therefore ordered that this application be denied at the cost of the applicant.