Donatila Díaz et al., Petitioners, *v.* Industrial Commission of Puerto Rico et al., Respondents.

No. 345. Argued April 2, 1945.—Decided April 25, 1945.

*Virgilio Brunet* for petitioners. *Angel de Jesús Matos, Joaquín Correa Suárez,* and *A. Sandín del Manzano* for respondent Manager of the State Insurance Fund.

Mr. Chief Justice Travieso delivered the opinion of the court.

On October 4, 1938, Lorenzo Cabrera, a workman, sustained an industrial accident, receiving injuries in the head, chest, and kidneys. The Manager of the State Insurance Fund fixed the resulting disability as a 10 per cent loss in the general physiological functions of the workman. The latter thereupon appealed, and the Industrial Commission affirmed the ruling of the manager, basing its decision on a report rendered by the medical advisors of the commission and the Fund, which reads as follows: .

"In this case, both physicians consider that the disability assigned to the workman is a reasonable one, and agree, further, that

should the workman at any time feel anything that might be connected with his injury, he may again apply to the State Fund, whereupon he will be attended to by the physicians.''

Against that decision of the commission, which was rendered on March 20, 1939, no proceeding for review was instituted.

On March 10, 1944, the workman was confined in a hospital by order of the State Fund because he was suffering from insanity, claimed to have been caused by the injuries received in 1938. On the 16th of that same month the workman died in the hospital.

On October 30, 1944, the manager denied a claim for compensation filed by the parents of the deceased workman, such denial being based upon the grounds (a) that the workman had been finally discharged from treatment on March 2, 1939, and had received full payment of his compensation; and (b) that as the death had occurred long after the lapse of the 2-year period fixed by subdivision 5 of § 3 of the Act, the claim of the beneficiaries was barred.

Said beneficiaries have instituted the present proceeding for review of a decision rendered on January 10, 1945, by the commission, affirming the ruling of the manager.

Subdivision 5 of § 3 of the Workmen's Accident Compensation Act (No. 45 of 1935, Sess. Laws, p. 250) provides:

"If, as a result of injuries or disease suffered under the conditions specified in Section 2 of this Act, the death of the workman or employee occurs within two (2) years from the time of the accident and as a consequence thereof, and the workman or employee leaves no relative who depended on him for support, the disbursement by reason of such death shall be limited to the payment of funeral expenses which shall not be more than one hundred (100) dollars, and such other expenses for medical attendance, hospitalization, and medicines as may have been incurred by order of the Manager.

"Should the workman or employee leave a widow, parents, legitimate or illegitimate children, posthumous children, whether or not

natural or adoptive children, or grandchildren, any of whom were wholly or partly dependent for their support on the earnings of the deceased workman or employee at the time of his death, they shall receive a compensation of from one thousand (1,000) to three thousand (3,000) dollars, which shall be graduated according to the earning capacity of the deceased workman or employee and to his probabilities of life, in accordance with such rules as the Manager of the State Fund shall prepare, which rules shall have the force of law after they are approved by the Industrial Commission and by the Governor, and promulgated in accordance with law.''

The petitioners argue that the requisite set forth in the first of the two paragraphs above transcribed, to the effect that the death of the workman must have occurred ''within two (2) years from the time of the accident and as a consequence thereof,'' is applicable only to those cases where the workman or employee has died without leaving any relative who depended on him for support, in which cases claim can only be made for the payment of funeral expenses not exceeding the sum of $100; and that the said requisite is inapplicable where, as in the present case, the workman has died leaving his parents, who depended on him for their support. The petitioners maintain that the construction given by the Industrial Commission to the legal provisions under discussion renders the statute unconstitutional, inasmuch as it denies to the petitioners the equal protection of the laws; and that the classification of the beneficiaries according to the time of the death of the injured workman, so as to grant compensation where the death occurs within two years and deny the same where it occurs after the lapse of two years from the date of the accident, is a capricious and arbitrary classification, contrary to the philosophy and purposes of the statute.

The theory of the petitioners does not seem acceptable to us. Were we to hold that the first two paragraphs of subdivision 5 of § 3 of the Act, *supra,* must be considered as two distinct and separate legal provisions, and that nothing

contained in the first paragraph is applicable to the second, we would have to reach the absurd conclusion that the Legislature intended to grant compensation to the dependents of every deceased workman, even in those cases where the death has not been caused by injuries suffered in the course of the employment and in consequence thereof, since the requirement of such causal connection is found in the first paragraph and not in the second.

It is a well-settled rule of construction that in interpreting a statute the court may look into prior and contemporaneous enactments. *Ensenada Estates, Inc.* v. *Hill,* 24 P.R.R. 462, 483 An examination of the Act (No. 85 of May 14, 1928) which was in force prior to the present enactment, shows that the first two paragraphs of subdivision 5, § 3 of said Act provided as follows:

"If as a result of injuries suffered under the conditions specified in Section 2, the death of the laborer occurs within one year from the time of the accident and as a consequence of such accident, the parents, widower, or widow, and legitimate children and legitimate grandchildren, and the illegitimate children, whether natural or not, of the deceased laborer, who at the time of his death were reasonably dependent on his earnings for their support, shall receive a compensation of from one thousand (1,000) to three thousand (3,000) dollars, which shall be graded according to the earning capacity of the deceased laborer and to his probabilities of life, and shall be equitably distributed among all the aforesaid relatives according to the conditions, needs, and degree of relationship and dependence of each.

"In default of the aforesaid persons the foster father or foster mother, or the relative of the closest degree of relationship reasonably depending on the earnings of the deceased, shall receive a compensation of one thousand (1,000) dollars to two thousand (2,000) dollars as a maximum. Should the near relatives entitled to compensation be several, such compensation shall be distributed among them in equal parts."

A comparison between the former statute and the one now in force reveals that the purpose sought by the lawmaker

in amending subdivision 5 of § 3 was to increase to two years, counted from the date of the accident, the period within which the death of the injured workman must have occurred in order that the State Insurance Fund may be bound to pay (*a*) the funeral expenses, up to the sum of $100, where the workman has died without leaving any relative who depended on him for support; or (*b*) a compensation of from $1,000 to $3,000 where the workman has left dependents. In either case, it is an indispensable requisite for the existence of the right to claim compensation that the death of the workman should have been the result of the injuries sustained and that it should have occurred within two years from the time of the accident. We do not think that the intention of the Legislature was to grant to the dependents of an injured workman the right to claim compensation without any limitation as to the time within which the death of the workman may have occurred.

The 2-year limitation contained in the present Act is not arbitrary, nor is it unjust or unreasonable. Neither can it be asserted that such a limitation deprives the workman's dependents of due process of law or denies to them the equal protection of the laws.

In *Mattson* v. *Department of Labor*, 293 U.S. 151, 79 L. ed. 251, the Federal Supreme Court construed certain provisions of the Workmen's Compensation Act of the State of Washington, establishing limitations upon the right to claim compensation. The statute in force at the time that the workman Mattson was injured provided, without any limitation as to time, that if the disability of the workman was aggravated after the rate of compensation had been established, the department might, upon the application of the beneficiary readjust the rate of compensation. Said Act was subsequently amended so as to provide that the application of the beneficiary for readjustment of the compensation must be "made within three years after the establishment or termination of such compensation." On January 17, 1920,

Mattson received $240 in final settlement for permanent partial disability. On May 10, 1933, the workman filed a petition for reopening of his case on the ground that his condition had become aggravated due to the injuries. Said petition was dismissed for the reason that it had been filed after the expiration of the 3-year period fixed by the statute.

In affirming the judgment appealed from the Supreme Court said:

"The appellant insists that at the date of his injury the statute conferred upon him not only a right to make his original claim and receive compensation, but a further right to file an additional claim, without limit as to time, and to receive readjusted compensation for aggravation of his condition due to his injury. This, he says, is a vested right, is property, and its enforcement may not be abolished or limited, consistently with the due process clause of the Fourteenth Amendment of the Federal Constitution. The claim cannot be sustained.

"The Washington Workmen's Compensation Act is compulsory. In the exercise of the State's police power it abolishes common law actions for negligence, imposes upon industry a levy calculated in accordance with the risk of injury to workmen, places the money collected in a state-administered fund, and substitutes for the employee's common law right of action a purely statutory right to payment from the fund of a sum adjusted to the character and extent of the injury.

"That the State may impose reasonable conditions upon the assertion of the claim does not admit of argument. Considerations justifying a reasonable limitation of time within which further increase of compensation due to aggravation of condition may be claimed are so obvious as hardly to require statement. Appellant does not urge that the prescription of a period of three years for presenting such a claim is unreasonable, but that it is beyond the State's power. The section under attack merely limits the time for the assertion of the right, affects the remedy only, and that in a manner not unreasonable, arbitrary or oppressive. Such a limitation of time within which appellant's remedy must be pursued does not deprive him of due process."

826

See *Kannellos* v. *Great Northern Ry. Co.*, 151 Minn. 157; *Monvoisin* v. *Plant*, 147 La. 463, 85 So. 206; *Ford* v. *Louisiana & A. Ry. Co.*, 196 So. 403.

In rendering the decision complained of the commission expressly refrained from considering and deciding the question raised by the petitioners to the effect that if the case were not compensable as a death case, because the death had occurred after the expiration of the two years following the accident, the petitioners would be entitled to receive the compensation which might have been awarded to the workman for total permanent disability. The commission decided "that this case be referred anew to the Manager in order that he may determine whether or not it should be considered as a case of total permanent disability."

The decision sought to be reviewed must be affirmed in so far as it holds that the right of the petitioners to claim compensation for the death of the workman has prescribed. The case shall be remanded to the commission in order that, in accordance with its own decision, it may refer it to the manager so that the latter may consider and decide whether the petitioners are entitled to claim compensation for the alleged permanent disability of the deceased workman.