DONATILA DÍAZ y LORENZO CABRERA, recurrentes, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., y G. ATILES MORÉU, ADMINISTRADOR DEL FONDO DEL ESTADO, recurridos.

Núm. 345.—*Sometido:* Abril 2, 1945. *Resuelto:* Abril 25, 1945.

*Virgilio Brunet,* abogado de los recurrentes; *Angel de Jesús Matos, Joaquín Correa Suárez* y *A. Sandín del Manzano,* abogados del Administrador del Fondo del Seguro del Estado, recurrido.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

En octubre 4 de 1938, el obrero Lorenzo Cabrera sufrió un accidente del trabajo, recibiendo lesiones en la cabeza, en el pecho y en los riñones. El Administrador del Fondo del Seguro del Estado le fijó una incapacidad de un 10 por ciento de pérdida de las funciones fisiológicas generales. Apeló el obrero y la Comisión Industrial confirmó la decisión del Administrador, basando su resolución en el informe rendido por los médicos asesores de la Comisión y del Fondo, que dice:·

"En este caso, ambos médicos estiman que la ·incapacidad seña-ládale al obrero es razonable, y acuerdan, además, que en cualquier época que el obrero sintiera algo que. pudiera estar en relación con su lesión, vuelva al Fondo del Estado, donde será atendido por los médicos."

Contra la resolución de la Comisión, dictada en marzo 20 de 1939, no se estableció recurso de revisión.

En marzo 10 de 1944, el obrero fué hospitalizado por orden del Fondo del Estado, por estar padeciendo de enajenación mental como consecuencia, según se alega, de las lesiones recibidas en 1938. El 16 del mismo mes el obrero falleció en el hospital.

En octubre 30 de.1944, el Administrador denegó la compensación solicitada por los padres del obrero fenecido, alegando como fundamentos de su decisión: (a) que el obrero fué dado de alta definitiva en marzo 2 de 1939 y recibió el pago total de su compensación; y (b) que habiendo ocurrido la muerte mucho después de haber transcurrido los dos años que fija la ley en su sección 3, inciso 5º., el derecho de los beneficiarios a obtener compensación ha prescrito.

Los beneficiarios han establecido el presente recurso contra la resolución de enero 10 de 1945, por la cual la Comisión confirmó la decisión del Administrador.

■■ La Ley de Compensaciones por Accidentes del Trabajo, núm. 45 de 1935, (1) página 251, dispone en su sección 3, inciso 5, lo siguiente:

"Si como resultado de las lesiones o enfermedad, sufrida en las condiciones especificadas en el artículo 2 de esta Ley, ocurriere la muerte del obrero o empleado dentro de dos (2) años de ocurrido el accidente, y como consecuencia de éste, sin que el obrero o empleado dejare pariente alguno que de él dependiera para su subsistencia, el desembolso con motivo de esta muerte se limitará al pago de los gastos de funeral y tales gastos no serán mayores de la suma de cien (100) dólares, en adición a aquellos otros gastos de asistencia médica, hospitalización y medicinas en que se hubiere incurrido por orden del Administrador.

"Si el obrero o empleado dejare una viuda, padres, hijos, legítimos o ilegítimos, o hijos póstumos, fueran éstos o no naturales o adoptivos, o nietos, cualquiera de los cuales dependiera total o parcialmente para su subsistencia de lo que ganaba el obrero o empleado fallecido al tiempo de su muerte, recibirán una compensación de mil (1,000) dólares a tres mil (3,000) dólares que se graduará en atención a la capacidad económica del obrero o empleado fallecido y sus probabilidades de vida, de acuerdo con las reglas que deberá preparar el Administrador del Fondo del Estado, las que tendrán fuerza de ley después de aprobadas por la Comisión Industrial y el Gobernador, y promulgadas de acuerdo con la Ley."

Arguyen los recurrentes que el requisito legal del primero de los dos párrafos transcritos, al efecto de que la muerte del obrero debe ocurrir "dentro de dos (2) años de ocurrido el accidente, y como consecuencia de éste", es únicamente aplicable a aquellos casos en que el obrero o empleado ha fallecido sin dejar pariente alguno que de él dependiera para su subsistencia, en los cuales casos solamente se puede reclamar el pago de los gastos de funeral, por una suma no mayor de cien dólares; y que el mencionado requisito no es exigible cuando, como en el presente caso, el obrero ha muerto dejando a sus padres, quienes dependían de él para su subsistencia. Sostienen los recurrentes que la interpretación dada por la Comisión Industrial a las disposiciones le-

gales que estamos considerando, hace que la ley sea anticonstitucional porque les niega la igual protección de las leyes; y que la clasificación de los beneficiarios, de acuerdo con la fecha en que ocurra el fallecimiento del obrero lesionado, para otorgar compensación si el fallecimiento ocurre dentro de los dos años y denegarla cuando ocurre pasados los dos años desde la fecha del accidente, es una clasificación caprichosa y arbitraria y contraria a la filosofía y propósitos de la ley.

No nos parece aceptable la teoría de los recurrentes. Si sostuviéramos que los dos primeros párrafos del inciso 5 de la sección 3 de la ley, supra, deben ser considerados como dos disposiciones legales distintas y separadas y que nada de lo contenido en el párrafo primero es aplicable al segundo, tendríamos que llegar a la conclusión absurda de que la intención legislativa ha sido la de conceder compensación a los dependientes de todo obrero fallecido, aun en aquellos casos en que la muerte no haya sido el resultado de lesiones sufridas en el curso del trabajo y como consecuencia del mismo, pues es en el primer párrafo que encontramos ese requisito, y no en el segundo.

Es regla de hermenéutica bien establecida la que permite que para la interpretación de un estatuto se examinen las leyes anteriores y las contemporáneas. *Ensenada Estates, Inc.* v. *Hill, Tesorero,* 24 D.P.R. 491, 514. Examinando la ley anterior a la que ahora rige, o sea la número 85 de mayo 14 de 1928, encontramos que los dos primeros párrafos del inciso 5 de la sección 3 de dicha ley, disponían lo siguiente:

"5. Si como resultado de las lesiones sufridas en las condiciones especificadas en la sección 2, ocurriere la muerte del obrero dentro de un año de ocurrido el accidente, y como consecuencia de éste los padres, la viuda o viudo, los hijos legítimos y nietos legítimos, y los hijos ilegítimos, sean o no naturales, del obrero fallecido, que dependieran de modo razonable para su subsistencia de lo que ganaba aquél, al tiempo de su muerte, recibirán una indemnización de mil (1,000) dólares a tres mil (3,000) dólares, que se graduará en aten-

ción a la capacidad económica del obrero fallecido y sus probabilidades de vida y se distribuirá equitativamente entre todos los parientes mencionados en atención a la condición y necesidades y grado de parentesco y dependencia de cada uno.

"En defécto de las personas antes mencionadas, el padre o madre de crianza, o el pariente de más cercano parentesco que dependiere de modo razonable de lo que ganaba el fallecido, recibirá una indemnización de mil (1,000) dólares a dos mil (2,000) dólares, como máximum, y si fuesen varios los parientes cercanos con derecho a indemnización, ésta se distribuirá entre ellos en partes iguales."

Comparando el estatuto anterior con el ahora vigente, salta a la vista que el propósito que tuvo el legislador al enmendar el inciso 5 de la sección 3 fué el de aumentar a dos años, contados desde la fecha del accidente, el período de tiempo dentro del cual debe ocurrir la muerte del obrero lesionado para que el Fondo del Seguro del Estado esté obligado a pagar: (a) los gastos de funeral, hasta la suma de $100, cuando el obrero muera sin dejar pariente alguno que de él dependiera para su subsistencia; o (b) una compensación de $1,000 a $3,000, si el obrero dejare dependientes. Tanto en un caso como en el otro, es requisito ésencial e indispensable para que exista el derecho a reclamar compensación, que la muerte del obrero sea el resultado de las lesiones sufridas y que ocurra dentro de los dos años siguientes a la fecha del accidente. No creemos que la intención del legislador haya sido la de conceder a los dependientes de un obrero lesionado el derecho a reclamar compensación sin limitación alguna en cuanto al tiempo en que ocurra la muerte del obrero.

La limitación de dos años contenida en el estatuto vigente no es arbitraria, ni tampoco injusta o irrazonable. Tampoco puede decirse que esa limitación prive a los dependientes del obrero del debido procedimiento de ley o que les niegue la igual protección de las leyes.

En el caso de *Mattson* v. *Department of Labor*, 293 U. S. 151, 79 L. ed. 251, la Corte Suprema Federal interpretó cier-

tas disposiciones de la Ley de Compensaciones a Obreros del Estado de Washington, que establecían limitaciones al derecho a reclamar compensación. El estatuto vigente en la fecha en que el obrero Mattson fué lesionado, disponía, sin limitación alguna de tiempo, que si la incapacidad del obrero se agravase después de haberse fijado el tipo de compensación, el Departamento podría, a petición del beneficiario, reajustar el tipo de compensación. La ley fué posteriormente enmendada en el sentido de disponer que la solicitud del beneficiario para el reajuste de la compensación debía ser "hecha dentro de tres años después de haberse fijado o de haber terminado dicha compensación". En enero 17 de 1928, Mattson recibió $240 como pago final por incapacidad parcial permanente. En mayo 10, 1933 el obrero solicitó la reapertura de su caso, alegando que su condición se había agravado como consecuencia de las lesiones. Su petición fué rechazada por haber sido presentada después de haber transcurrido el término de tres años fijado por el estatuto.

Al confirmar la sentencia recurrida, la Corte Suprema se expresó así:

"El apelante insiste en que en la fecha en que fué lesionado, el estatuto le confería no solamente el derecho de presentar su reclamación original y recibir la compensación, si que también el de presentar una reclamación adicional, sin limitación en cuanto al tiempo, y a recibir compensación reajustada en el caso en que se agravara su condición como consecuencia de sus lesiones. Esto, alega él, es un derecho adquirido, es propiedad y su reconocimiento no puede ser abolido o limitado, sin infringir la cláusula del debido procedimiento de la Enmienda Décimacuarta de la Constitución Federal. Esta contención no puede ser sostenida.

"La Ley de Compensaciones a Obreros, de Washington, es compulsoria. Ejercitando su poder policíaco, el Estado ha abolido la acción por negligencia del derecho común y ha impuesto a la industria el pago de primas calculadas de acuerdo con el riesgo de lesiones a los trabajadores, ha colocado el dinero cobrado en un fondo administrado por el Estado. y sustituído el derecho de acción del trabajador, reconocido por la ley común, por un derecho puramente esta-

tutario a que se le pague del fondo una suma fijada de acuerdo con la naturaleza e importancia de las lesiones.''

''Que el Estado puede imponer condiciones razonables para la presentación de una reclamación, es asunto que no admite discusión. Consideraciones que justifican una limitación razonable del tiempo dentro del cual puede solicitarse un aumento de la compensación, por haberse agravado la condición del reclamante, son tan obvias que no parece necesario exponerlas. El apelante no alega que el término prescriptivo de tres años para la presentación de una reclamación sea irrazonable, pero sí que está fuera de las facultades del Estado. La sección en controversia simplemente limita el tiempo para el ejercicio del derecho, afecta solamente el remedio, y ello en una forma que no es irrazonable, arbitraria u opresiva. Tal limitación del tiempo dentro del cual el remedio del apelante debe ser solicitado no le priva del debido procedimiento de ley.''

Véanse: *Kannellos* v. *Great Northern Ry. Co.*, 151 Minn. 157; *Monvoisin* v. *Plant,* 147 La. 463, 85 So. 206; *Ford* v. *Louisiana & A. Ry. Co.,* 196 So. 403.

Al dictar la resolución recurrida, la Comisión se abstuvo expresamente de considerar y resolver la cuestión planteada por los peticionarios, al efecto de que si el caso no fuese compensable como un caso de muerte, por haber ésta ocurrido después de haber expirado los dos años siguientes al accidente, los peticionarios tendrían derecho a recibir la compensación que hubiera correspondido al obrero por incapacidad total permanente. La Comisión resolvió ''que este caso sea referido nuevamente al Administrador para que sea él quien determine si procede o no considerarlo como un caso de incapacidad total permanente''.

*La resolución recurrida debe ser confirmada en cuanto sostiene que el derecho de los peticionarios a reclamar compensación por la muerte del obrero ha prescrito. El caso será devuelto a la Comisión para que de acuerdo con su resolución lo devuelva al Administrador para que éste considere y resuelva si los peticionarios tienen algún derecho a reclamar compensación por la alegada incapacidad permanente del obrero fenecido.*